JOHN CROUGHAN, Respondent, *v.* NEW YORK MUTUAL BENEVOLENT SOCIETY, Appellant.

First Department, July 13, 1917.

Benevolent society — admission of police officer to membership, contrary to provisions of by-law — when acts of directors not binding upon membership corporation — evidence not establishing suspension of by-law — when directors may not change fundamental rule as to membership — new trial — newly-discovered evidence.

Where a by-law of an incorporated mutual benevolent society provided that any patrolman of the New York city police force may apply for membership in the society any time within seventeen years after his

appointment in the department, the act of the officers of the corporation in accepting a patrolman as a member, where he had served on the police force for over seventeen years and was entitled to retire from the force after twenty years of service, violated a fundamental rule of the corporation, and said act was not binding upon the corporation so as to make the officer a member.

Evidence in an action brought by said police officer against the benevolent society to recover a benefit alleged to be payable upon his retirement from the police department examined, and *held*, insufficient to establish his contention that the by-law aforesaid had been suspended at the time of his admission to membership.

In the absence of express authorization in the constitution of such society, the directors thereof have no power to change any fundamental law or rule of the society covering eligibility to membership.

A motion for a new trial on the ground of newly-discovered evidence should not be granted where the evidence only tends to impeach one of the plaintiffs' witnesses.

APPEAL by the defendant, New York Mutual Benevolent Society, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Bronx on the 28th day of December, 1916, upon the verdict of a jury, and also from an order entered in said clerk's office on the 26th day of April, 1917, denying defendant's motion for a new trial made on the ground of newly-discovered evidence.

*Florence J. Sullivan,* for the appellant.

*Thomas B. Bresnahan,* for the respondent.

SHEARN, J.:

Plaintiff sued to recover a benefit of $500 payable upon his retirement from the police department. Defendant was organized under the Membership Corporations Law on July 31, 1907, and on December 1, 1907, plaintiff was admitted to membership. He paid dues and was continued as a member up to 1910. At that time, there being an upheaval and row in the society and a change of management, charges were served upon plaintiff and several other members complaining that at the time they joined they were ineligible under the society's by-laws. After a hearing and trial the charges were sustained and plaintiff was dropped from membership, the society tendering back to plaintiff all of the money that he

had paid into the society, which he refused to accept. Plaintiff was retired from the police force on August 15, 1911, and at that time, if his membership had been maintained, would have been entitled to the benefit. He began his action July 27, 1914.

The controversy turns upon a by-law as of December, 1907, when plaintiff was admitted to membership. Section 9 of the by-laws as then in existence, unless amended, as plaintiff claims, read as follows:

"Any patrolman of the New York City Police Force may apply for membership in this society any time within seventeen years after his appointment in the Department."

As patrolmen are permitted to retire after twenty years of service, the time limit of this by-law is of obvious importance.

The case was tried before the court without a jury upon an agreed statement of facts. This agreed statement admitted that the constitution and by-laws of the society were as set forth in Exhibits B, C, D, E and F. Exhibit B purports to be the constitution and by-laws adopted July 17, 1907, and section 9, governing membership, is in the form above quoted. Exhibit C purports to be the constitution and by-laws adopted on the same date, and section 9 reads as follows:

"Any uniformed member except Matrons of the New York City Police Force may apply for membership in this Society any time within twelve years after his appointment in the Department.

" The initiation fee shall be twenty-five cents and the dues twenty-five cents every alternate month."

Exhibits D, E and F purport to be copies of the constitution in 1908 and in 1911, but the membership by-law as therein provided is of no consequence, being subsequent to plaintiff's admission to membership. As it appeared without contradiction that at the time of plaintiff's admission he had been a member of the police force for more than seventeen years, and as he was, therefore, ineligible, the learned trial justice correctly decided that the defendant's officers, in accepting the plaintiff, violated a fundamental rule of the society and exceeded their powers, and, hence, as their acts did not bind the defendant, plaintiff never became a member of the society. After the submission of the agreed statement of facts, but prior

to the decision, claim was made by the plaintiff for the first time that the by-laws stipulated did not correctly set forth the eligibility by-law as in force, in December, 1907, and it was claimed that that by-law had been " suspended " at that time and also that it had been amended so as to permit any patrolman to apply for membership at any time within twenty years after his appointment. Considering that a patrolman could retire from the department after twenty years of service and would become entitled to a benefit on retirement, any such by-law would be a remarkable one. Nevertheless, and although this claim of suspension or amendment of the by-law was clearly an afterthought and not in accord with the spirit of the stipulated facts, the court, evidently deeming it in furtherance of justice and considering the trial more or less informal, proceeded to take testimony to determine whether the by-law had been amended. Secondary proof was adduced that a notice of a special meeting to amend the by-laws was sent " to each delegate, officer and director of the society." No evidence was adduced to show that the notice was sent to each member of the society. Section 27 of the by-laws provided: " These by-laws can be amended or altered only at a summoned meeting called for said purpose. A two-third vote shall be necessary to sustain such amendments or alterations to make them law."

The by-laws do not state whether they may. be amended by a vote of the directors or by a vote of the directors and delegates or by a vote of the members. In the absence of any express authorization, the directors would not have the power to change any such fundamental law or rule of the society as governed eligibility to membership. One of the main purposes of the society was to obtain benefits or insurance, and a rule that so directly affected not only the likelihood of the benefits being ultimately paid, but affected also the number of assessments that would be likely to be called for, both of which considerations have direct relation to the eligibility rule, could be changed only on notice to the members of the society affected. The status of the " delegates " was not clearly defined in the early constitution, but it appears in later constitutions that delegates had the right to represent members of an entire precinct. Assuming that the delegates,

under the original constitution and by-laws, had the right to vote on changes in the fundamental rules of the society, ordinary fair dealing required that the members should first be notified of any such intended changes, so as to have the opportunity to make their wishes known to the delegates who represented them. Passing the question of notice, however, it appears that at the time of the amendment there were thirty members of the society. Before it became apparent that the exact membership could be proved by the production of the membership roll, the plaintiff introduced evidence that there were fifteen present at the special meeting and that the total membership was " about twenty." After the membership roll was produced, and it became apparent that fifteen members would not constitute the necessary two-thirds, if the membership were thirty, a witness was produced and, asked how many were present at the meeting, answered " There were pretty near twenty, I should say; about twenty men there." No minutes of the alleged meeting were produced. Plaintiff's witnesses differed sharply as to what action was taken at the alleged meeting with respect to this by-law. Some testified that it was " suspended; " another that it was amended by " allowing men up to 17 years to become members of the association," and that at the time of the amendment the limit was fifteen years; and another that it made eligible " any member having served less than 17 years, excepting matrons." While this testimony was uncontradicted, it was all given by interested witnesses, and with its contradictions and discrepancies, is most unsatisfactory, to say the least. Any change in the fundamental laws of a fraternal benefit organization, affecting eligibility, dues and assessments, and, therefore, affecting the contract relations between the members, requires satisfactory and convincing evidence to establish it. The evidence produced was not of such character and is wholly unconvincing and especially in view of the agreed statement of facts.

The order denying a motion for a new trial on the ground of newly-discovered evidence was right, as the evidence only tended to impeach one of the plaintiff's witnesses.

The order denying the motion for a new trial on the ground of newly-discovered evidence is affirmed, with ten dollars

costs and disbursements, and the judgment appealed from is reversed, with costs, and the complaint dismissed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Judgment reversed, with costs, and complaint dismissed, with costs. Order affirmed, with ten dollars costs and disbursements.