CZESLAWA BLOCH, an Infant, by JOSEPH WISNIEWSKA, Her Guardian ad Litem, Respondent, *v.* ALEXANDER SZCZUKOWSKI, Appellant, Impleaded with JOHN J. HALLER, Defendant.

JOSEPH WISNIEWSKA, Respondent, *v.* ALEXANDER SZCZUKOWSKI, Appellant, Impleaded with JOHN J. HALLER, Defendant.

Fourth Department, April 30, 1930.

*Harold J. Adams* [*Edmund S. Brown* of counsel], for the appellant.

*Brennan & Cullen* [*Francis W. Cullen* of counsel], for the respondents.

CROSBY, J.   Plaintiff Czeslawa Bloch was injured by being struck by defendant Haller's car on the public street while she was in the act of crossing the street upon the crosswalk.   The claim is made, and the jury must have found, that the sole cause of that injury was the negligence of defendant Szczukowski in bringing his car into collision with Haller's car, thereby driving the latter against the plaintiff Bloch.   Miss Bloch being an infant, and unmarried at the time of the accident, her father, Joseph Wisniewska, also brought an action against both defendants.   The two actions were tried together and resulted in verdicts against defendant Szczukowski alone for $7,800 in the infant's action and $500 in her father's action.   Plaintiffs took no appeals from the judgments in favor of defendant Haller.   Defendant Szczukowski appeals from both judgments and also from the order in each case denying his motion for a new trial on the ground of newly-discovered evidence.

The record made at the trial would warrant the verdicts rendered, and we find no errors in the record that would call for reversal of the judgments.   However, the motions for a new trial should be granted.

The infant plaintiff could give no information about the accident beyond the fact that she was struck by an automobile on the street and awoke three days later in a hospital.   So far as concerns the facts and circumstances of the accident, the entire case for the plaintiffs was made out by one Tyrpa, the only disinterested eye witness.   After the plaintiffs rested, the respective defendants were heard in their own defense and each gave evidence tending to cast the blame upon the other.   Defendant Haller gave evidence which alone, if believed, would justify the verdict against the defendant Szczukowski.

Tyrpa being the only disinterested witness, we must consider the proof made to support the motions for a new trial.   There are affidavits by defendant Szczukowski, his daughter, his son, one of his clerks and two attorneys, stating in substance that, after the trial, Tyrpa volunteered the information that he had

given false testimony at the trial, that one of the plaintiffs bribed him to do it, that he did not see defendant Szczukowski at the scene of the accident and that Haller's car struck the infant plaintiff without any assistance from the alleged collision with Szczukowski's car. These affidavits further show that Tyrpa offered to make an affidavit setting forth the details of his perjury, but, after the affidavit was prepared, he refused to sign it unless he was paid a substantial sum for doing so. In addition to the other affidavits above mentioned, the attorney who argued the appeals herein for appellant makes a similar affidavit, and said attorney furthermore had a private examination of Tyrpa before a court stenographer who took down the questions and answers. Here again the perjury of Tyrpa is admitted by him, although in this examination his only damaging admission is that he swore falsely when he testified that he was able to identify Szczukowski as the man who was at the immediate scene of the accident. If this were all, the matter might be overlooked, for the purposes of these motions, for, from Szczukowski's own admissions upon the trial, there can be no question that he was the identical person who was present in his car at the scene of the accident. However, the matters alleged in the affidavits cannot be overlooked for they point to the falsity of substantially all of Tyrpa's testimony. They are flatly denied in the affidavit of Tyrpa, of course. But suspicions of Tyrpa's honesty are not allayed by the facts set forth in the opposing affidavits of the counsel for the plaintiffs and his law clerk. They both say that Tyrpa informed them, shortly after the trial, that some unknown men had approached him with offers of money if he would make an affidavit setting forth that he had given perjured testimony at the trial. Tyrpa states this same thing in his affidavit. Why would an honest witness, not interested in the parties or the trial, be hunting up counsel, after the trial, to tell him that he had been offered a bribe to commit perjury? The suggestion obtrudes itself that Tyrpa was extending one hand toward the plaintiffs and the other toward the defendant, and that offers of a bribe unduly interested him.

The law is well settled, to be sure, that a new trial will not be granted solely to enable the moving party to impeach a witness (*Croughan* v. *N. Y. Mutual Benevolent Soc.* 179 App. Div. 211), even though the testimony of the witness sought to be impeached was the only evidence supporting the verdict (*Corley* v. *New York & H. R. R. Co.*, 12 App. Div. 409), and it would seem that the impeachment of Tyrpa would be a gratuitous and unnecessary proceeding. However, this rule does not apply in cases where the witness sought to be impeached gave evidence of intrinsic probative

value which is the only evidence offered by plaintiffs to support the verdicts which they received. (*Keister* v. *Rankin*, 34 App. Div. 288.)

The orders denying defendant's motion for a new trial should be reversed on the facts in each case, and the motions granted, with costs to the appellant to abide the event.

The appeals from the judgments herein should be dismissed, without costs, as they have become academic in view of the disposition made of the motions.

All concur. Present — SEARS, P. J., CROUCH, TAYLOR, EDGCOMB and CROSBY, JJ.

In each case: Order reversed on the facts and motion for a new trial granted, with costs to appellant to abide the event.

In each case: Appeal from judgment dismissed, without costs. The decision made upon the appeal from the order denying the motion for a new trial, filed herewith, makes the determination of this appeal unnecessary.