Millard L. Midonick, J.
The accompanying motion is made to set aside the verdicts and the judgment on the counterclaim, and for a new trial, oh the basis of newly discovered evidence.
The jury rendered special verdicts answering four questions of fact propounded by the court. All four special verdicts were favorable to the tenant (herein called “ electrician ”) in respect *369 to a counterclaim against the landlord herein for work, labor and services performed and materials supplied, as an electrician.
The electrician admittedly was unlicensed as such. He was, therefore, under section B30-17.0 of the Administrative Code of the City of New York, guilty of a misdemeanor in performing the services which comprise the major portion of the counterclaim, unless he was in partnership with, or employed by and working under the supervision of, a licensed electrician. The jury found that there was such partnership and supervision, those issues of fact having been submitted to them specially pending determination by the court of whether the alleged commission of such a misdemeanor constituted a defense to the counterclaim. (Cf. Spiegel v. Cohen, 186 Misc. 889.) The present motion makes it necessary that that question be resolved.
Inasmuch as the Legislature has failed to speak expressly on the problem of whether a civil suit is maintainable for electrical services rendered in violation of the Administrative Code, and in view of the findings of the jury that these services have been performed in a good, workmanlike manner and remain unpaid for, I believe that this case is controlled by the principle announced in Rosasco Creameries, Inc., v. Cohen (276 N. Y. 274, 280). There the Court of Appeals held: “In the case at bar, if the contract is declared unenforcible, the effect will be to punish the plaintiff to the extent of a loss of approximately $11,000 and permit the defendants to evade the payment of a legitimate debt. * * * We have here a statute which provides that milk dealers shall not sell milk unless duly licensed. The statute imposes penalties for its violation by way of fine and imprisonment, but it does not expressly provide that contracts made by milk dealers shall be unenforcible. Nothing in this statute reveals an implied intent to deprive unlicensed dealers of the right to recover the reasonable value of the milk sold by them, and where the wrong committed by the violation of the statute is merely malum prohibitum, and does not endanger health or morals, such additional punishment should not be imposed unless the legislative intent is expressed or appears by clear implication.”
Here, too, the Administrative Code is silent concerning an intent to deprive unlicensed electricians of the right to recover the agreed consideration or reasonable value of electrical services performed by them in violation of its terms. I find that the Legislature intended no bar of civil recovery to be added to the penal provision here.
It is true that the jury found specially that the electrician was in partnership with a licensed electrician and further found *370 specially that the electrician was reasonably supervised. Under the law, as I view it, these findings were immaterial. The material findings of the jury were on the issues of whether the work was done for this landlord at this landlord’s request, whether the work had been paid for by this landlord, and what was the agreed price or reasonable value of the work. Some small element of materials supplied was also involved. The landlord now moves for a new trial on the basis of an affidavit by the licensed electrician of whom the electrician testified that he was a partner and that he performed supervision. The licensed electrician, who was not called 0as a witness at the trial, now makes an affidavit that he was neither a partner of, nor associated with the electrician, nor did he supervise any of the work here sued for.
If my view of the law is correct, this newly discovered evidence cannot be a proper basis for granting a new trial. This newly discovered evidence has no direct bearing whatever' upon the material issues, but only upon immaterial issues. Collateral impeachment of a witness by newly discovered evidence will not usually be ground for granting of a new trial. (Croughan v. New York Mut. Benevolent Soc., 179 App. Div. 211.) This is so even though the testimony of the witness sought to be impeached was the only evidence supporting the verdict. (See Corley v. New York & Harlem R. R. Co., 12 App. Div. 409, 410.)
Even the cases of Bloch v. Szczukowski (229 App. Div. 394) and Keister v. Rankin (34 App. Div. 288) cannot avail the moving party here. A new trial should be granted only if the newly discovered evidence ‘1 would probably change the result if a new trial was granted.” (People v. Priori, 164 N. Y. 459, 472; Collins v. Central Trust Co. of Rochester, 226 App. Div. 486.)
If a new trial were granted, excluding the immaterial issues of whether the licensed electrician was a partner of or in any way supervised the electrician, there is not the slightest reason to suppose that the electrician’s testimony will be in any way undermined. Indeed, there will be substantially less occasion for attack upon the credibility of the electrician in a new trial than there was at the first trial. The licensed electrician, by his own affidavit, would have nothing whatever to testify about of a material nature concerning the work done or whether or not payment was made therefor.
At the past trial, the very failure to call as a witness the alleged partner (the licensed electrician now making the affidavit) by the electrician, as well as some other evidence introduced, tended to cast doubt upon the electrician’s testimony on *371 those immaterial issues. The jury chose, as they are at liberty to do, to believe the testimony of the electrician despite its doubtful aspects on the immaterial issues. If another jury were impaneled, their verdict is much more likely to favor the electrician if the doubtful areas of testimony on immaterial issues are excluded.
The central issues of the case turned upon the material problems of whether the electrician had performed his work for this landlord and whether he had been paid in full, as the landlord contended, or only in part, as the electrician contended. The books and records of the electrician were woefully inadequate. Curiously, the books and records of the landlord were equally inadequate, consisting merely of check books and check stubs with virtually no indication as to what the payments were for. In such a situation, the jury was quite justified in finding for the electrician on the central issues (despite the weakening effect of the evidence on the immaterial issues) and the great likelihood is that in another trial a new jury would reach the same conclusions on the central issues.
The motion to set aside the verdicts, and the judgment on the verdicts, is, therefore, denied, with leave to the landlords to appeal.