Arthur Wachtel, J.
The plaintiff moves for a new trial upon the ground that the verdict for the defendant is against the weight of the credible evidence and further on the ground of newly discovered evidence. The motion to set aside the verdict on the ground that it is against the weight of the credible evidence is denied. It was for the jury to decide what testimony *667 was credible and whether upon the basis of the credible testimony the plaintiff had sustained his burden of proof.
Plaintiff testified that he had sustained an accident on January 9, 1958 at the Freeman Street station and that on the day before the accident, January 8, 1958, while he was proceeding to work, he noticed the same condition on the steps of this stairway as at the time of the accident. The plaintiff called as his witness the auditor for his employer, Consolidated Laundries Corp., to prove the days when he was out of work. The auditor, Mr. Cohen, testified that according to the records of the company, the plaintiff was ill on January 8, 1958, and did not go to work. The records of the Consolidated Laundries Corp. were introduced in evidence. Mr. Cohen testified that the original time cards were not found.
The attorney for the plaintiff now contends that after the trial he communicated with Consolidated Laundries and a search of the records disclosed a work log kept by Mr. William F. Burr, the chief engineer for Consolidated Laundries who was the immediate supervisor of Mr. Brown during the month of January, 1958. The supporting affidavit of Mr. Burr states that this work log discloses the following entry made by bim as of Wednesday, January 8, 1958: “ Jim on W W ” and that this means that James Brown worked on a “wash wheel”. The attorney for the plaintiff argues that this constitutes newly discovered evidence and that accordingly, the verdict should be set aside and a new trial ordered. In the affidavit in support of the motion, the attorney for the plaintiff contends that, the newly discovered evidence is so material that it would probably produce a different verdict for the reason that it would establish the fact that plaintiff did not lie when he stated that he used the stairway on January 8, 1958 when he was going to work, that it establishes that he did in fact go to work that day and that his testimony as to the condition of the stairway at that time is not perjured testimony; that this evidence was not and could not have been discovered in the exercise of reasonable diligence before trial and that the evidence is such that it could not have been discovered sooner by the exercise of reasonable diligence; that it was only while looking for the original time cards (which cannot still be found) that the work log was found.
With these reasons, the court agrees. They present the necessary requirements for a new trial upon the basis of newly discovered evidence (4 Carmody, New York Practice, § 1433 et seq.). “Newly-discovered evidence contradicting the evidence of a witness upon a material issue is in general a sufficient ground for applications of this sort.” (Blood v. Colby, *668 236 App. Div. 537, 540; Hess v. Sloane, 47 App. Div. 585, 591.) And, see, Rivera v. Rumax Realty Corp. (256 App. Div. 277 [1st Dept., 1939]); Cleven v. Interborough R. T. Co. (143 Misc. 594 [Supreme Ct., 1932]). “ [W]hether they [motions of this sort] should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the .attainment of that end.” (Barrett v. Third Ave. Ry. Co., 45 N. Y. 628, 632 [1871].)
Accordingly, the motion for a new trial upon the ground of newly discovered evidence is granted.
This case is set for retrial on the Jury Calendar.