■ ESTHER KALLINS, Respondent, v. ALBERT KASS, Appellant. — In an action against a coguarantor for contribution, the defendant appeals, by permission of the Appellate Term, Second Judicial Department, from an order of that court, entered October 22, 1965, which unanimously (1) reversed an order of the Civil Court of the City of New York, Kings County, entered March 22, 1965, granting defendant's motion to vacate a judgment entered in favor of plaintiff on the decision of the court after trial on an agreed set of facts, and ordering a new trial; (2) denied defendant's motion; and (3) reinstated the judgment in favor of plaintiff. Order affirmed, without costs. No opinion. Christ, Acting P. J., Brennan, Hill and Rabin, JJ., concur; Benjamin, J., dissents and votes to reverse the order of the Appellate Term and to reinstate the order of Special Term, with the following memorandum: Ordinarily, to warrant a new trial on the ground of newly discovered evidence, that evidence should be such as could not have been discovered in the exercise of reasonable diligence before the trial. But "ordinary diligence with respect to discovery of evidence before trial is all that is required. Moreover, the court possesses inherent power to grant such a motion where the ends of justice require it, even though a technical compliance with these requirements be not shown" (Hyman v. Dworsky, 239 App. Div. 413, 419; see also: Blood v. Colby, 236 App. Div. 537, 539–540; Barrett v. Third Ave. R. R. Co., 45 N. Y. 628, 632). And in Brinkman v. Brinkman (15 A D 2d 587, 588) the court said: "The granting of a motion for a new trial upon the ground of newly discovered evidence is largely a

matter of discretion with the Trial Judge (*Collins* v. *Central Trust Co. of Rochester* [226 App. Div. 486] (*supra*); *William* v. *Kemp,* 266 App. Div. 891). The determination of each such motion depends on the particular circumstances involved. In *Barrett* v. *Third Avenue R. R. Co.* (45 N. Y. 628, 632), the court states: ' * * * motions for a new trial upon the ground of newly discovered evidence, are not governed by any well defined rules, but depend in a great degree upon the peculiar circumstancs of each case. They are addressed to the sound discretion of the court, and whether they should be granted or refused involves the inquiry whether substantial justice has been done, the court having in view solely the attainment of that end '. " In this case, the new evidence upon which the defendant seeks a new trial is of critical importance, since it would, if credited, defeat the plaintiff's claim. That evidence apparently was not produced at the original trial because of the peculiar circumstances disclosed by this record. In my opinion, the interests of justice require a new trial, and the denial of that relief may well result in substantial injustice. On this record, Special Term's grant of a new trial was a proper exercise of its discretion.