EDWARD SCHROEDER, Appellant and Respondent, *v.* CITY AND
COUNTY SAVINGS BANK OF ALBANY, Appellant; M. GERBER
CONSTRUCTION COMPANY, INC., et al., Respondents, et al.,
Defendants.

Argued June 9, 1944; decided July 19, 1944.

*Morris Simon* for defendant-appellant. I. Plaintiff did not undertake to establish any negligence. He failed to prove any, and, therefore, cannot sustain the verdict. The doctrine of *res ipsa loquitur* has no application to the facts established upon the trial. (*Mullen* v. *St. John et al.*, 57 N. Y. 567; *Salomone* v. *Yellow Taxi Corp.*, 242 N. Y. 251; *Griffen* v. *Manice*, 166 N. Y. 188; *Lane* v. *City of Buffalo*, 232 App. Div. 334; *White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131; *Hart* v. *Hudson River Bridge Company*, 84 N. Y. 56; *Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108; *Guttman* v. *Woolworth Co.*, 159 Misc. 821; *Sandler* v. *Garrison*, 249 N. Y. 236; *Stasiukiewicz* v. *Marcus Contracting Co., Inc.*, 225 App. Div. 57; *Miller* v. *Steinfeld*, 174 App. Div. 337; *Hardie* v. *Boland Co.*, 205 N. Y. 336; *Ferrick* v. *Eidlitz*, 195 N. Y. 248.) II. Plaintiff's injury was brought about by his own conduct. (*Davenport* v. *Oceanic Amusement Co.*, 132 App. Div. 368; *Zurich G. A. & L. Ins. Co.* v. *Childs Co.*, 253 N. Y. 324; *Fredendall* v. *Abraham & Strauss, Inc.*, 279 N. Y. 146; *Dougherty* v. *Pratt Institute*, 244 N. Y. 111; *Buguero* v. *United States Shipping Board E. F. Corp.*, 218 App. Div. 553, 246 N. Y. 643; *Louisville N. R. Co.* v. *Gross*, 272 S. W. 57; *Monongahela West Penn. Public Service Co.* v. *Albey*, 31 F. 2d 85; *Butler* v. *Frazee*, 211 U. S. 459; *Kowalsky* v. *Conreco Company*, 264 N. Y. 125; *Storm* v. *New York Telephone Co.*, 270 N. Y. 103.) III. The proximate cause of the injury was plaintiff's own carelessness and conduct, and was not due to any act of defendant. (*Hartman* v. *Berlin & Jones Envelope Co.*, 71 Misc. 30, 146 App. Div. 926; *W. A. Hover & Co.* v. *Denver & R. G. W. R. Co.*, 17 F. 2d 881; *Owens* v. *Southern Ry. Co.*, 33 F. 2d 870; *Cashin* v. *City of New Rochelle*, 256 N. Y. 190; *Sann* v. *Johns Manufacturing Co.*, 16 App. Div. 252.)

*Frank L. Wiswall, Carl O. Olson* and *Laverne Orvis* for plaintiff-appellant and respondent. I. Proof of the collapse of the temporary enclosure created a *prima facie* case of negligence. (*Foltis, Inc.*, v. *City of New York*, 174 Misc. 967, 287 N. Y. 108; *Neuhoff* v. *Retlaw Realty Corp.*, 289 N. Y. 293; *Mullen* v. *St. John et al.*, 57 N. Y. 567; *Marceau* v. *Rutland R. R.*

*Co.*, 211 N. Y. 203; *Volkmar* v. *M. R. Co.*, 134 N. Y. 418; *Goldfarb* v. *City of New York*, 108 Misc. 505; *Hogan* v. *Manhattan R. Co.*, 149 N. Y. 23; *Rock* v. *Radice Electric Co.*, 129 Misc. 421; *Reynolds* v. *Van Beuren*, 10 Misc. 703; *Pearson* v. *Ehrich*, 148 App. Div. 680; *Hooey* v. *Airport Construction Co.*, 253 N. Y. 486; *Wrighter* v. *Adam Stores, Inc.*, 232 App. Div. 351; *Storms* v. *Lane*, 223 App. Div. 79; *Griffen* v. *Manice*, 166 N. Y. 188; *Goldstein* v. *Pullman Co.*, 220 N. Y. 549.) II. On the evidence, the appellant bank certainly had possession and control as to make this a proper case for the invocation of the doctrine of *res ipsa loquitur*. The fact that there is more than one defendant here does not prevent the application of the rule. (*Duerr* v. *Consolidated Gas Co.*, 86 App. Div. 14; *Bishof* v. *Leahy*, 54 App. Div. 619; *Briggs, Inc.*, v. *N. Y. Public Library, etc., Foundations*, 260 App. Div. 218.) III. A *prima facie* case was made out against the bank as owner of the premises. (*Boylhart* v. *Di-Marco & Reimann, Inc.*, 270 N. Y. 217; *O'Neil* v. *City of Port Jervis*, 253 N. Y. 423; *Schwartz* v. *Merola Bros. Construction Corp.*, 290 N. Y. 145; *Bardel* v. *Standard Oil Co.*, 218 App. Div. 145; *Appel* v. *Muller*, 262 N. Y. 278; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85.) IV. The liability of the defendants does not shift in proportion of the degree of temporary possession or immediate interest. (*McNulty* v. *Ludwig & Co.*, 153 App. Div. 206; *Wilks* v. *New York Telephone Co.*, 208 App. Div. 542; *Wrighter* v. *Adams Stores, Inc.*, 232 App. Div. 351; *Simmons* v. *Everson*, 124 N. Y. 319; *Hine* v. *Aird-Don Co.*, 232 App. Div. 359; *Klepper* v. *Seymour House Corp.*, 246 N. Y. 85; *De Haen* v. *Rockwood Sprinkler Co.*, 258 N. Y. 350; *Schwartz* v. *Merola Bros. Construction Corp.*, 290 N. Y. 145; *Simon* v. *Lowenthal*, 169 Misc. 718.)

*John J. Conners, Jr.*, for M. Gerber Construction Company, Inc., defendant-respondent. The verdict against defendant M. Gerber Construction Company, Inc., was properly set aside and complaint dismissed as to it.

*John J. Scully* for Benedetto Sano and others, doing business under the name of Sano-Rubin Construction Company, defendants-respondents. The doctrine of *res ipsa loquitur* does not apply to the defendant, Sano-Rubin Construction Company. (*Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108; *Griffen* v.

*Manice*, 166 N. Y. 188; *Wolf* v. *American Tract Society*, 164 N. Y. 30; *Stasiukiewicz* v. *Marcus Contracting Co., Inc.*, 225 App. Div. 54; *Hardie* v. *Boland Co.*, 205 N. Y. 336; *Curtis* v. *New York, New Haven & H. R. R. Co.*, 159 App. Div. 757.)

CONWAY, J. This is an action for personal injuries. Defendant City and County Savings Bank of Albany (hereinafter called the Bank) owned premises located at the corner of South Pearl Street and Norton Street in Albany. It leased the ground floor and basement of the premises, " together with right to the tenant to construct and maintain a facade along the outside of the building up to the bottom of the windows on the third floor thereof ". The Bank agreed to make certain alterations in accordance with plans attached to the lease and the tenant agreed to construct a new front on the demised premises. The Bank engaged Sano-Rubin Construction Company (hereinafter called Sano-Rubin) to make the alterations required of it. Sano-Rubin applied for a permit to occupy one half of the sidewalk and one third of the street to the trolley tracks. That permit was granted. Thereafter the Bank wrote to the tenant that it had completed its part except for the electrical work which was in turn dependent upon work to be done by the tenant and except for the painting which the tenant had instructed it to postpone. Under a written contract the defendant M. Gerber Construction Company, Inc. (hereinafter called Gerber), undertook to do certain work for the tenant. A barricade was built in front of the building on Pearl Street and on Norton Street. It was made of two by fours and some heavier pieces. It was between twenty and twenty-five feet high. On the morning of February 28th the barricade collapsed. The plaintiff was injured when he attempted at the request of the police to aid in making secure that portion of the barricade which had not then collapsed but which was swaying in the wind. While so doing, he sustained the injuries for which this action has been brought.

The trial court correctly charged the jury after the defendants had rested at the close of plaintiff's case without putting in any evidence, that the doctrine of *res ipsa loquitur* was applicable. (*Galbraith* v. *Busch*, 267 N. Y. 230, 234; *Foltis, Inc.*, v. *City of New York*, 287 N. Y. 108, 116.) After the jury had returned a verdict against the defendants Bank, Sano-Rubin

and M. Gerber Construction Company, Inc., the trial court set aside the verdict as against the latter two defendants. We think that was error. The three defendants either simultaneously or in necessary rotation, with nondelegable supervision always remaining in the Bank, were in possession of the instrumentality which caused the injuries to plaintiff. None of the three defendants put in any defense. They were the ones who knew the cause of the collapse. It is not necessary for the applicability of the *res ipsa loquitur* doctrine that there be but a single person in control of that which caused the damage. Where, as here, one or some or all of three interdependent defendants are in control and burdened with supervision of a street barricade, it is for them to explain their action and conduct when it collapses with resultant damage to another. (*Bishof* v. *Leahy,* 54 App. Div. 619; *Duerr* v. *Consolidated Gas Co.,* 86 App. Div. 14; *Boylhart* v. *Di Marco and Reimann, Inc.,* 270 N. Y. 217, 221; *Schwartz* v. *Merola Bros. Construction Corp.,* 290 N. Y. 145; *Mullen* v. *St. John et al.,* 57 N. Y. 567; *Wrighter* v. *Adam Stores, Inc.,* 232 App. Div. 351; *Hooey* v. *Airport Construction Co.,* 253 N. Y. 486.)

As to City and County Savings Bank of Albany the judgment should be affirmed, with costs. As to the defendants M. Gerber Construction Co., Inc., and Benedetto Sano, Louis Rubin and Angelo Sano, individually and as copartners, doing business under the assumed business name of Sano-Rubin Construction Company the judgments should be reversed and a new trial granted, with costs to the plaintiff-appellant to abide the event.

LOUGHRAN, RIPPEY, LEWIS and DESMOND, JJ., concur; LEHMAN, Ch. J. and THACHER, J., dissent and vote to reverse the judgment against the defendant-appellant, and to affirm the judgment in other respects, on the ground that plaintiff was guilty of contributory negligence as matter of law.

Judgment accordingly. (See 293 N. Y. 764.)