Keating, J.
Olga Corcoran was walking down Flatbush Avenue, Brooklyn, when she was struck by a board which fell from a space between two abutting store premises. 2052 Flat-bush Avenue was operated as a fruit store. The owner is not a defendant in this action.
2054 Flatbush Avenue was owned by Margaret Kane. Her executors are defendants in this action as well as the Banner Super Market, Inc., which was the lessee of the premises. The action was tried without a jury. The court found for the plaintiff against the estate of the owner, invoking the doctrine of res ipsa loquitur. It held for the defendant Banner Super Market, however, on the ground that the doctrine of res ipsa loquitur did not apply to it and negligence had not been proved against it. (36 Misc 2d 395.)
The Appellate Division reversed the judgment against the owner on the ground that res ipsa loquitur should not be applied *430 where another (the owner of 2052 Flatbush Avenue) had joint control over the instrumentality of the accident and was not joined as a defendant. The court ordered a new trial in order that the plaintiff might have the opportunity of proving actual negligence. (20 A D 2d 552.)
On the retrial of the action, the court, at the close of the evidence, dismissed the plaintiff’s complaint against both defendants on the grounds that (1) the plaintiff had failed to prove such control of the board on the part of the defendants as to warrant the application of res ipsa loquitur, and (2) the plaintiff had also failed to establish actual negligence on the part of the defendants.
The Appellate Division unanimously affirmed but granted the plaintiff leave to appeal to this court.
The initial question is whether the doctrine of res ipsa loquitur was properly excluded from this case. ‘ ‘ The conditions usually stated in America as necessary for the application of the principle of res ipsa loquitur * * * are as follows: (1) the event must be of a kind which ordinarily does not occur in the absence of someone’s negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.” (Prosser, Torts [3d ed.], § 39, p. 218.)
Certainly the first and third conditions appear to have been met by the factors present in this case. A board’s propulsion upon a pedestrian walking down a street is the sort of occurrence which does not usually happen unless someone was negligent. There likewise appears to have been no contribution to the event upon the part of the plaintiff.
It is the second condition for the application of the res ipsa loquitur doctrine which presents the difficulty in this case. The board which fell upon the plaintiff was five and one-half inches wide. It stood on top of another board and together the two boards filled in the five and one-half-inch space between 2052 and 2054 Flatbush Avenue. One inch of the board was on the premises of the defendant owner herein. The other four and one-half inches were on the property of the owner of 2052 Flat-bush Avenue who, as mentioned earlier, is not a party to this action. The defendants accordingly claim that they did not *431 have such exclusive control over the hoard as to warrant the application of the res ipsa loquitur doctrine.
It is helpful to consider initially the reason for the requirement of exclusive control on the part of the defendants.
“ It is never enough for the plaintiff to prove merely that he has been injured by the negligence of someone unidentified. Even though there is beyond all possible doubt negligence in the air, it is still necessary to bring it home to the defendant. On this too the plaintiff has the burden of proof by a preponderance of the evidence; and in any case where it is clear that it is at least equally probable that the negligence was that of another, the court must direct the jury that the plaintiff has not proved his case.” (Prosser, Torts [3d ed.], § 39, p. 222; emphasis supplied).[1]
The requirement of exclusive control has been eroded to a certain extent by various cases. In Zentz v. Coca Cola Bottling Co. of Fresno (39 Cal. 2d 436, 444 [1952]) the court properly observed that the exclusive control requirement does not necessitate such control at the time of the accident. In this case a restaurant owner was injured when a bottle exploded which had been bottled and distributed by the defendant. The court said: “ [I]t is settled that the fact that the accident occurs some time after the defendant relinquishes control of the instrumentality which causes the accident does not preclude application of the doctrine provided there is evidence that the instrumentality had not been improperly handled by the plaintiff or some third person, or its condition otherwise changed, after control was relinquished by the defendant.” [2]
*432 The exclusive control requirement is thus subordinated to its general purpose, that of indicating that it probably was the defendant’s negligence which caused the accident.[3]
In Schroeder v. City & County Sav. Bank (293 N. Y. 370) we held res ipsa loquitur applicable against multiple defendants. In this case, the defendant-bank had leased part of its premises and agreed in the lease to make certain alterations. The lessee was also obligated to make some alterations according to the terms of the lease. The bank hired a contractor who built a barricade in front of the premises. The lessee then hired a contractor to complete the alterations and the original barricade remained on the premises to aid the second contractor.
We upheld the application of res ipsa loquitur in an action against the bank and both contractors, stating:1 ‘ Where, as here, one or some or all of three interdependent defendants are in control and burdened with supervision of a street barricade, it is for them to explain their action and conduct when it collapses with resultant damage to another.” (Schroeder v. City & County Sav. Bank, supra, p. 374.)
The lessee of the premises was not joined in the action, but his absence did not prevent the applicability of res ipsa loquitur. In fact we stated that the bank had a nondelegable duty of supervision over the premises, thus indicating possible application of the doctrine even if the bank were the sole defendant.
The board in this case stood partly on the owner defendant’s property. As such, she was under a duty to inspect it, independent of the fruit store owner’s duty. This type of accident permits the inference that each owner failed in his duty, and that if either had fulfilled his duty the accident would not have happened.
This shared or dual duty with respect to the board permits the application of res ipsa loquitur against either or both *433 owners.[4] Accordingly, in the first trial of this action it was not improper for the court to apply res ipsa loquitur against the owner defendant.
The doctrine was properly held inapplicable to the lessee Banner Super Market since, according to the terms of its lease, it had no duty to maintain or repair the outside of the structure. Moreover, the evidence was properly held insufficient to support a finding of specific negligence on the part of Banner.
The order of the Appellate Division should be modified by reversing so much of the order as affirmed the judgment of Special Term dismissing the complaint against the defendant executors and a new trial ordered, with costs to abide the event.
As so modified, the order should be affirmed, with costs to the defendant Banner Super Market, Inc.
Chief Judge Fuld and Judges Burke, Scileppi, Bergan and Breitel concur; Judge Van Voorhis concurs in result.
Order modified in accordance with the opinion herein and, as so modified, affirmed, with costs to defendant Banner as a respondent and to abide the event of the new trial granted herein to the other parties.

. See, also, Harper and James, Law of Torts, § 19.7, p. 1086, where it is stated: “ The requirement [exclusive control] as it is generally applied is more accurately stated as one that the evidence must afford a rational basis for concluding that the cause of the accident was probably ‘such that the defendant would be responsible for any negligence connected with it.’ That does not mean that the possibility of other causes must be altogether eliminated, but only that their likelihood must be so reduced that the greater probability lies at defendant’s door.” (Quoting Prosser, Res Ipsa Loquitur in California, 37 Cal. L. Rev. 183, 201 [1949].)

. See, also, Jungjohann v. Hotel Buffalo (5 A D 2d 496), where res ipsa loquitur was applied where a guest in a hotel was using the shower and the handle broke cutting him. See, also, Ozark v. Wichita Manor (252 P. 2d 671 [5th Cir., 1958]).

. In Ybarra v. Spangard (25 Cal. 2d 486 [1944]), the plaintiff sued a surgeon, several nurses, the hospital and the anaesthetist for injuries to his neck which he apparently sustained during an operation for an abdominal ailment. The California Supreme Court applied res ipsa loquitur against all the defendants, although it seemed quite clear that not all had exclusive control of the treatment of the patient.

. See Wold v. Grozalsky (277 N. Y. 364), holding that negligent owners of a party wall from which a flower pot fell injuring the plaintiff are joint tort-feasors. It is clear that a plaintiff so injured may choose either of the two owners to sue. Similarly, where the accident indicates failure of both owners to perform a joint and separate duty, res ipsa loquitur permits an inference of each owner’s failure to perform his duty, unless he goes forward with some contrary evidence. (See, also, Prosser, Torts [3d ed.], § 39, p. 229; 2 Restatement, Torts 2d, § 328 D, p. 161.)