Martin- B. Stecher, J.
On the trial of this action the testimony of third-party defendant De Siciliano differed materially both from his sworn testimony given on a deposition and his sworn testimony given in a different action previously tried before another Judge of this court. The discrepancies were fully revealed to the jury and despite testimony which on one trial or the other appears to have been perjurious, the jury found for the third-party defendant. The third-party plaintiff now moves to set that judgment aside and for judgment in its favor.
The motion is denied. The provisions of CPLR 4404 permitting the trial court to set aside a verdict ‘ ‘ in the interest of justice ” is not a mandate to substitute the court’s judgment for that of the jury.
In those cases where the verdict has been set aside (and a new trial ordered) the evidence of perjury was discovered after the jury presented its verdict (McCarthy v. Port of N. Y. Auth., 21 A D 2d 125 ; Lando v. Murray’s Trucking Corp., 258 App. Div. 616 ; Bloch v. Szczukowski, 229 App. Div. 394 ; Frohlich v. Zeltzer, 185 App. Div. 103 ; Nugent v. Metropolitan St. Ry. Co., 46 App. Div. 105). Obviously on such a retrial the jury would have an opportunity to sift truth from falsehood.
But in this action, the jury had before it all of the conflicting testimony; and whether De Siciliano’s “testimony was truthfully given * * * on the first or the second trial was for the jury, not the court, to determine ” (Williams v. Delaware, Lackawamna & Western R. R. Co., 155 N. Y. 158, 161 ; Shea v. United States Trucking Corp., 200 App. Div. 821, affd. 235 N. Y. 529). The jury selected the version it chose to believe and this court cannot say that the prior version was the accurate one. To require the third-party defendant to lose his case would be to impose punishment for his perjury — whenever it occurred. That of course is for another tribunal under different circumstances.