ROBERT BAUER, Respondent, *v.* HARRIS INTERTYPE CORPORATION et al., Defendants. ALBANY STEEL & IRON SUPPLY CO., INC., Appellant.

Third Department, December 29, 1970.

*Wager, Taylor, Howd & Brearton* (*James E. Brearton* of counsel), for appellant.

*Joseph P. Huberty* for respondent.

*Dugan, Lyons, Murphy, Pentak & Brown* (*Ernest P. Lyons* of counsel), for Central Rigging & Contracting Corp. of Connecticut, defendant.

SWEENEY, J. This is an appeal from an order of the Supreme Court at Special Term, entered April 17, 1970 in Albany County, which denied a motion for summary judgment dismissing the complaint as to appellant Albany Steel & Iron Supply Co., Inc.

Plaintiff alleges that on January 6, 1966, while on the premises as a window washer, he slipped on oil and fell on the floor of a new wing of the defendant Williams Press. He further alleges that appellant Albany Steel & Iron Supply Company had entered

into an agreement with Williams Press to install an elevated " catwalk " in the new wing and was in the process of constructing the catwalk at the time plaintiff was injured.

In support of the motion appellant produces an affidavit of one of its employees, stating that on December 21, 1965 he inspected the premises, and at that time appellant's work of erecting the catwalk was completed. He similarly testified at an examination before trial. This employee also stated that materials brought in by appellant were used up and nothing was left over; nor did appellant have any oil on the job except that used in its trucks. In opposition to the motion, plaintiff presents affidavits of two witnesses stating that they observed steam fitters using oil in the process of cutting pipe on the catwalk and saw oil dripping down; that they observed several pools of oil collected on the floor directly below the catwalk; and saw plaintiff slip on the oil and fall. Plaintiff's attorney also submits an affidavit averring that the motion should be denied on the doctrine of *res ipsa loquitur*.

Our courts have been reluctant to grant summary judgment in negligence actions, but this should not deter us from granting such a motion where the facts warrant it. The only proof of negligence offered by way of affidavit on this motion is the dripping of oil from the catwalk to the floor below. Appellant has established by affidavit which is supported by independent documentary proof that it was finished with the job 16 days prior to plaintiff's accident and did not return once the job was finished. It has also shown that it did not use oil on the job. Where a defendant supports the motion for summary judgment by competent proof, it is mandatory that plaintiff submit evidentiary facts rebutting that prima facie defense. (*Indig* v. *Finkelstein*, 23 N Y 2d 728.) This the plaintiff has failed to do. The affidavits of the two witnesses on behalf of the plaintiff establish that the accident was due to dripping oil which, in effect, corroborates appellant's defense. Plaintiff makes no showing whatsoever to indicate that the steam fitters were employees of appellant; or that appellant used oil; or that appellant was on the job at the time of the accident. Plaintiff cannot meet his burden by merely asserting that it would be premature to submit evidence of appellant's presence on the premises at the time of the accident. He must lay bare his case to refute the facts established by appellant. (*Di Sabato* v. *Soffes*, 9 A D 2d 297, 301.)

Plaintiff's reliance on the doctrine of *res ipsa* in opposition to the motion is not well founded. No proof has been submitted to show that appellant was in control of the catwalk or that the

catwalk was the instrumentality that caused the accident. *Schroeder* v. *City & County Sav. Bank* (293 N. Y. 370), is not applicable. In the *Schroeder* case all three defendants were in control of the barricade at the time of the accident. In our opinion, this is a clear case for utilizing the remedy of summary judgment. (*Donlon* v. *Pugliese*, 27 A D 2d 786.)

The order should be reversed, on the law and the facts, with costs, and motion granted.

HERLIHY, P. J., REYNOLDS, GREENBLOTT and COOKE, JJ., concur.

Order reversed, on the law and the facts, with costs, and motion granted.