DEWITT PROPERTIES ASSOCIATES INC. et al., Respondents, v CITY OF NEW YORK, Appellant, and CONSOLIDATED EDISON Co. OF NEW YORK, INC., Respondent.

First Department, April 15, 1975

*Bernard Burstein* of counsel *(L. Kevin Sheridan* and *Richard Gross* with him on the brief; *Adrian P. Burke, Corporation Counsel),* for appellant.

*Harry Salvan (Sherwood Allen Salvan* with him on the brief), attorney for DeWitt Properties Associates, Inc., and another, respondents.

*Joseph J. Klem* of counsel *(Williams & O'Neill,* attorneys), for Consolidated Edison Co. of New York, Inc., respondent.

KUPFERMAN, J. On the issue of liability only in an action for recovery of property damage resulting from a watermain break, the jury found for the plaintiffs and fixed the degree of liability between the defendants, 70% against Consolidated

Edison Company of New York (Con Ed) and 30% against the City of New York (City).

The case against Con Ed rested on specific acts of negligence, and against the City on the doctrine of *res ipsa loqui-tur,* and was so submitted to the jury.

The City alone appeals on the basis that it was found that contrary to safe engineering practices, Con Ed negligently placed its gas main on wooden blocks on the circumference of the City's watermain at a place where the main was later fractured due to the "point load", and thus the situation no longer "speaks for itself" as against the City, and, therefore, the complaint against it should have been dismissed. Further, it is argued that there being no evidence of actual notice to the City, it should obtain full indemnity as a matter of law. Thus, the City does not request a new trial, but seeks to be relieved of liability either through reversal or indemnification.

The plaintiffs originally sued the City, which impleaded Con Ed. The plaintiffs then amended their complaint to make Con Ed a defendant, and the City then claimed over against Con Ed.

Although subject to City regulation, Con Ed is an independent entity. (See *Jackson v Metropolitan Edison Co.,* 419 US 345.)

There was evidence from which negligence of the City could be inferred, because, among other things, the water pipe was 98 years old and there was no indication that the City had inspected it during that time, although concededly responsible for its maintenance. Further, that the City had no inspector present when Con Ed made its installations.

Most recently, the Court of Appeals in *Barry v Niagara Frontier Tr. System,* (35 NY2d 629, 633) reiterated the rule stated in *Rogers v Dorchester Assoc.* (32 NY2d 553, 564), that apportionment " 'applies when two or more tort-feasors have shared, albeit in various degrees, in the responsibility by their conduct or omissions in causing an accident, *in violation of the duties they respectively owed to the injured person.'* (Emphasis supplied.)" If notice was required, as in the *Barry* case, then City's contention that it be relieved of liability on that score is a proper one. However, by the very nature of the situation, notice could not have been given, and there is no statutory reference on which the City relies.

In *Abbott v Page Airways* (23 NY2d 502, 513) the Court of

Appeals by former Chief Judge FULD, stated with respect to a *"res ipsa"* case: "If the jury finds that it was the specifically proved act of negligence which occasioned the accident, that is the end of the matter. But, if the jury deems the specific evidence unconvincing, there is no reason whatever why it may not infer that the *remaining* possible causes, though they be unidentified, still point to the negligence of the defendant."

In *Feblot v New York Times Co.* (32 NY2d 486, 498–499) now Chief Judge BREITEL found it useful in his concurring opinion to add some comments on the doctrine of *res ipsa loquitur:* "The doctrine of *res ipsa loquitur* is only a species of the more general principle that circumstantial evidence of sufficient probative weight may permit the jury to find negligence (e.g., *Griffen v Manice,* 166 NY 188, 194–195; Prosser, Torts [4th ed.], at p 212). Where the particular requirements of *res ipsa* are not met, it may be appropriate to charge the more general doctrine. Thus, in *Rogers v Dorchester Assoc.* (32 NY2d 553, decided herewith), it was held proper to charge that circumstantial evidence of elevator door malfunction allowed the jury to infer negligent maintenance of the intricate devices controlling the door. What is required for application of the more general doctrine is only that there be a sufficient degree of probability, from the circumstances shown, including the circumstance, if present, of the defendant's duty of maintenance and control over particular devices, to support the inference. In such an instance, the plaintiff may not have the burden, as he usually has in a negligence case, of establishing the precise cause of the malfunction."

Upon this base, we must add that since *Dole v Dow Chem. Co.* (30 NY2d 143) the apportionment rule has made it possible for two or more defendants to be met with varying claims as to the degree of their liability, and the case against them may be presented in different, but nonetheless sufficient, ways to allow the jury to find negligence in some proportion. *(Kelly v Long Is. Light. Co.,* 31 NY2d 25.)

Inasmuch as the jury determination had a rational basis, it would do violence to the *Dole v Dow* rule to reverse and dismiss the case against the City.

It was clear from the enunciation of the rule that adaptations might have to be made in other legal rules in order to accommodate it. (See New York Trial Practice by Dean Joseph M. McLaughlin, Dole v Dow Chemical—Major Developments,

NYLJ, Feb. 14, 1975, p 1, col 1 and Dole v Dow Chemical [continued], NYLJ, Friday, March 14, 1975, p 1, col 1.)

By our decision to affirm, we do not change substantive legal principles. To the extent that there is any change, it is in a portion of a rule of evidence.

In our case, the main break would ordinarily not have occurred in the absence of someone's negligence, the plaintiff certainly was not responsible, and so any point of departure has to do with the question only of exclusive control. *(Feblot v New York Times Co.,* 32 NY2d 486, 495.)

As was said in *Kelly v Diesel Constr. Div. of Carl A. Morse, Inc.* (35 NY2d 1, 6–7: "All that would be changed by applying the *Dole-Dow* doctrine uniformly is that, under familiar common-law principles, full indemnification can be recovered from the actor who caused the accident (the active tort-feasor), and, where the cause is shared, contribution under the *Dole-Dow* doctrine." Here, the cause is shared and the jury properly so found on a proper submission.

MURPHY, J. (dissenting). In this action brought by plaintiffs for recovery of damages resulting from a water main break, the jury found in their favor against both defendants; and as between them, 70% against Consolidated Edison Co. of New York ("Con Ed") and 30% against the City of New York ("the City"). The case was submitted to the jury against the City solely on the theory of *res ipsa loquitur* and against Con Ed upon specific evidence of affirmative acts of negligence and proximate cause. Implicit in the jury's verdict, fully supported by the evidence, was the finding that Con Ed was primarily responsible for the accident. Under such circumstance, the doctrine of *res ipsa loquitur* cannot be applied against the City.

The "uncertain 'doctrine' of res ipsa loquitur" had its genesis in a casual remark of Baron Pollack in a 112-year old English case *(Byrne v Boadle,* 1863, 2 H. & C. 722, 159 Eng. Rep 299) and has become "the source of * * * much trouble to the courts." (Prosser, Torts [4th ed], § 39, p 213.) Nevertheless, it is still accepted and applied in our courts, provided: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the

defendant; (3) it must not have been due to any voluntary action or contribution on the part of plaintiff." *(Id.,* at p 214.)

The doctrine is not an arbitrary rule but, "rather a common-sense appraisal of the probative value of circumstantial evidence" *(Galbraith v Busch,* 267 NY 230, 234) and only "a formulation of a species of circumstantial evidence" *(Zaninovich v American Airlines,* 26 AD2d 155, 157; see, also, *Cooke v Bernstein,* 45 AD2d 497, 499). It may not be applied merely on plaintiff's proof of injury due to someone's negligence; or "where the unexplained accident may be attributable to one of several causes, for some of which the defendant is not responsible, or to a cause other than the defendant's negligence". (58 Am Jur 2d, Negligence, § 508, p 94. See, also, Prosser, Torts [4th ed], *supra,* p 218; *Corcoran v Banner Super Market,* 19 NY2d 425, 431.)

While not disputing the rationale for the doctrine, Con Ed nevertheless contends that it may be invoked against one defendant while specific negligence is proven on the part of another defendant. However, this is but another illustration, in my view, of the rule that a plaintiff may rely on both specific acts of negligence and *res ipsa,* leaving it to the jury to either accept the specific acts pleaded or to reject such specific proof but still find for plaintiff on the basis of the inference. If the jury, as in the case at bar, credits the proven acts of negligence, the doctrine is no longer needed. *(Abbott v Page Airways,* 23 NY2d 502, 513.)

There are, of course, instances when *res ipsa* may be applied against more than one defendant. However, in each case some relationship between the defendants must first be established, such as joint control of the instrumentality causing the accident *(Corcoran v Banner Super Market,* 19 NY2d 425; *Schroeder v City & County Sav. Bank,* 293 NY 370) or a vicarious liability *(Smith v Jay Apts.,* 33 AD2d 624; see, also, Prosser, Torts [4th ed], *supra,* p 221; Ann 38 ALR2d 905, 908; 58 Am Jur 2d, § 503, p 87.)

In sum, *res ipsa* is inapplicable against the City where, as here, there is a more than remote possibility (confirmed in the instant case by the jury's apportionment) that the cause of the accident was the negligence of Con Ed (cf. *Feblot v New York Times Co.,* 32 NY2d 486; *Cameron v Bohack Co.,* 27 AD2d 362); and there is no basis on which to hold them both liable *in solido. (Wolf v American Tract Soc.,* 164 NY 30.)

Accordingly, the judgment for plaintiff against the City

should be reversed and the case dismissed against said defendant.

STEVENS, P. J., LANE and NUNEZ, JJ., concur with KUPFERMAN, J.; MURPHY, J., dissents in an opinion.

Interlocutory judgment of the Supreme Court, New York County, entered on June 21, 1974, affirmed, without costs and without disbursements.