■ INTERESTED UNDERWRITERS AT LLOYDS, as Subrogees of SEAMAN FURNITURE CO., INC., Respondent, v ASSOCIATED CEILINGS CORP., Appellant. — Judgment, Supreme Court, New York County, entered June 11, 1979, after bench trial, reversed, on the law, and the complaint dismissed, with costs. The suit is by an insurance carrier in subrogation. Plaintiff's subrogor had operated a furniture store in which extensive water damage had occurred, allegedly by reason of negligent performance of a demolition job for the purpose of releasing space formerly occupied as a storage vault for use for other business purposes. As a result, it is claimed that a sprinkler system was disrupted. Whatever proof there was of plaintiff's claim is found primarily in the testimony of Bank, general manager of the subrogor, who had done business for a number of years with defendant corporation through its officer, Irving Buller, deceased before trial. There was some inconclusive showing that Buller had retained an independent contractor, Bush, to perform the work but Bush had also died before trial, and any claim against him had been severed. Bank had no independent knowledge of details of the work or who did it, or if an independent contractor had been hired, or what negligent act or omission had caused the ultimate result, leakage of the sprinkler system. He knew no more of the damage than that the deceased Buller had called him several times to tell him of damage, but he knew nothing of causation. Even the proof of loss filed with plaintiff said that cause of the damage was unknown. There being no claim of breach of warranty, the action can be successful, if at all, if there is a solid showing to justify invocation of the doctrine of *res ipsa loquitur.* It was proven that there was damage, but that proof is of damage only without any evidence that what caused the damage was under defendant's exclusive control. (See *Corcoran v Banner Super Market,* 19 NY2d 425; *Murphy v City of New York,* 19 AD2d 545, 546, affd 14 NY2d 532.) It is not enough merely to conclude that a wall does not ordinarily collapse and bring pipes down during work on the wall without some negligence by a worker, but the identity of no worker is shown, let alone who put him to work. It was not even shown that plaintiff's assignor itself was not involved in the work. It would be sheer speculation merely to assume who did the work, and whose responsibility it was for any defect in that work. Whatever proof there was by Bank was hearsay, a factor not raised on this appeal. In any event, the main case against defendant-appellant must collapse for want of proof. Were we not dismissing, we would direct a new trial. In order to demonstrate that defendant itself had not done the work, an attempt was made to show through a surviving Buller

brother that Bush, an independent contractor, had actually performed it, and had been paid for it, thus exculpating defendant. This was said to be so of the witness' own knowledge, but he was not permitted so to testify. This is claimed to have been error but, in view of our disposition of the case, this need not be pursued further. Concur — Ross, J.P., Markewich, Silverman, Bloom and Yesawich, JJ.