OPINION OF THE COURT
John R. Cannizzaro, J.
This is a negligence action to recover for personal injuries sustained by a severely handicapped, mentally retarded infant wherein the infant plaintiff by his mother and natural guard *539 ian seeks to enforce their claim upon the doctrine of res ipsa loquitur.
Over objection of the plaintiff, the action was bifurcated as prescribed by 22 NYCRR 202.40 and liability was tried first.
The facts adduced at trial revealed the following:
On June 5, 1984, the infant plaintiff resided in a two-family dwelling located at 1469 79th Street, Brooklyn, New York. As was customary, on that day the infant plaintiff was carried down one flight of stairs (16-18 steps) to the first-floor landing, placed and secured in a wheelchair, then wheeled down four steps down the stoop to the sidewalk.
A special bus for invalid persons, operated by a driver and a matron, would then secure the wheelchair on a lift, lift the wheelchair onto the bus and the wheelchair is locked and secured in the bus, and then the infant plaintiff is taken to a special school.
Upon arrival at the school, the child would be taken from his secured position in the bus and placed upon the lift and lowered to curb level and is taken into the classroom. There, he is placed under the supervision of school personnel who would attend to the needs of the infant plaintiff and is given special instructions and training. In the classroom, there would be one teacher for 12 children and an aide for every 3.
At the close of the school day, the aforesaid procedure is reversed and the child is returned to his mother, in front of his residence.
It has been established at trial that the infant plaintiff could not speak and expressed his discomfort, pain or anguish by whining and crying, and if placed on the floor, he was able to scoot around on his back side.
It was further attested at trial that at the close of the school day, on the day in question, the infant plaintiff was in a joyous, pleasant mood and when given to the matron and bus operator, he waved and blew kisses to the school personnel.
The bus operator and matron, who were subpoenaed by the plaintiff, assert that the infant plaintiff was well secured and strapped in the bus, did not whine or cry, and that there were no unusual occurrences or accidents. They further asserted that he was delivered to his mother in front of his residence in the same condition he was received by them.
The infant plaintiff’s mother, Genevieve Rabena, alleges that when she received the child, she wheeled him up the four *540 steps of the stoop and then took him out of the wheelchair and carried the infant plaintiff in her arms up one flight of stairs (16-18 steps) and into his bedroom and placed him in his bed.
She claims that the infant was whining and crying and that she removed his pants and then noticed that his left leg was in a peculiar shape with a lump in his thigh.
The plaintiff claims that the exact location of the accident and the manner in which it happened is unknown except that it took place between the time the infant plaintiff left for school and the time he returned, and because of his severe handicap and the inability of the infant to communicate, the doctrine of res ipsa is applicable.
At the end of the case, the defendants, jointly and severally, moved the court for a directed verdict in their favor and for a dismissal of the complaint.
On a motion for a directed verdict the court is obligated to view the evidence in a manner most advantageous and rewarding to the plaintiff and give to the plaintiff the benefit of all inferences on matters supported by the evidence (McCloud v Marcantonio, 106 AD2d 493; Keefe v Gimbel’s, 124 Misc 2d 658; Aydinian v Federated Graphics Cos., 66 Misc 2d 321; Mondella v Erie Lackawanna R. R. Co., 62 Misc 2d 989; Mormon v Serkanic, 25 AD2d 526).
The infant plaintiff, Philip Rabena, by his mother and natural guardian must prove by the greater weight of the evidence that the defendants were negligent. She may do this by circumstantial evidence by proving facts and circumstances from which negligence may be reasonably inferred.
The infant plaintiff by his natural guardian and mother claims that because the infant is a severely handicapped and mentally retarded person who could not relate to what occurred or verbally express pain or anguish, he should be permitted to assert his claim on the theory of res ipsa loquitur.
That theory states that if the instrumentality causing the injury was in the exclusive control of the defendants, and if the circumstances surrounding the happening of the accident were of such a nature that in the ordinary course of events it would not have occurred if the person having control of the instrumentality had used reasonable care under the circumstances, negligence may be inferred from the happening of the accident.
*541 As stated in George Foltis, Inc. v City of New York (287 NY 108, 116) res ipsa means " 'that certain occurrences contain within themselves a sufficient basis for an inference of negligence’ Black’s Law Dictionary 1173 (5th ed 1979) defines it as "[t]he thing speaks for itself.” (See also, Richardson, Evidence § 93 [Prince 10th ed].)
The Court of Appeals in the case of Corcoran v Banner Super Mkt. (19 NY2d 425, 430 [1967]), stated: " 'The conditions usually stated in America as necessary for the application of the principle of res ipsa loquitur * * * are as follows: (1) the event must be of a kind which ordinarily does not occur in the absence of someone’s negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff.’ ”
In the case of Manley v New York Tel. Co. (303 NY 18, 25 [1951]), the court stated: "In a res ipsa case, as in any other, the plaintiff must establish first and foremost the nature of the instrumentality which is alleged to have caused the injury * * * and its identity with the defendant * * * while the actual sequence of events may be established by inference * * * the circumstances must * * * be more than mere speculation, guess or surmise * * *[. T]he mere fact that an accident has happened and that injury followed does not give rise to a presumption of negligence on the part of the one charged”.
As in all res ipsa loquitur cases, the first and third conditions are easily met; it is the second condition which creates the problem. The proverbial "fly in the ointment” which gives cause for frustration and despair, as in this case.
The plaintiff, in support of his claim, cites Dermatossian v New York City Tr. Auth. (67 NY2d 219 [1986]) and Hymowitz v Lilly & Co. (73 NY2d 487) wherein the court stated, inter alia, that the rule has the effect of creating a prima facie case of negligence sufficient for submission to the jury from which the jury may make the permissible inference of negligence by the defendant.
The plaintiff correctly stated the ruling of the court but it is taken out of context and neglected or failed to say that in the Dermatossian case (supra) there was an instrumentality involved that caused the injury which was in the exclusive control of the New York City Transit Authority, a "grab handle.” The Hymowitz case (supra) was a products liability *542 case which involved the manufacture and use of the drug diethylstilbestrol, known as DES. Clearly the instrumentality was the drug that when injected caused the injury.
In the instant case the plaintiff relies upon his severe handicap, mental condition and inability to speak and who was in the exclusive control of the defendants (at different times); and sustained an injury which was discovered by his mother after she put him to bed.
As stated in Corcoran v Banner Super Mkt. (supra, at 431) " Tt is never enough for the plaintiff to prove merely that he has been injured by the negligence of someone unidentified. Even though there is beyond all possible doubt negligence in the air, it is still necessary to bring it home to the defendant. On this too the plaintiff has the burden of proof by a preponderance of the evidence; and in any case where it is clear that it is at least equally probable that the negligence was that of another, the court must direct the jury that the plaintiff has not proved his case. ’ (Prosser, Torts [3d ed.], § 39, p. 222; emphasis supplied).”
Res ipsa loquitur by its term means "the thing speaks for itself’ and that means the thing or the instrumentality that caused the injury to speak for itself. It clearly does not mean the injury speaks for itself. It means that when the initial fact, namely, what thing or instrumentality caused the injury has been shown then and not before, an inference arises that the injury occurred by reason of the negligence of the party or parties who had it under exclusive control.
The plaintiff further asserts that because of his condition the doctrine of res ipsa is applicable because the jury could infer negligence against one or the other defendant; and that it can be invoked against multiple defendants.
It has been established by law that the instrumentality causing the injury could have been under the control of any one of a number of persons, each of whom is independent of the other, and none of them subject to the control or direction of the other, the doctrine may not be invoked unless there is some proof given to enable the jury to identify the wrongdoer. (Wolf v American Tract Socy., 164 NY 30, 34; Continental Craftsmen v Sommer, 41 AD2d 716.) This of course will circumvent speculation, surmise or mere guess by the jury.
The plaintiff further alleges that the doctrine can be applied *543 against multiple defendants and cites Schroeder v City & County Sav. Bank (293 NY 370). This court concurs with the plaintiff but the facts and circumstances are not applicable to the case at bar.
In Schroeder (supra), there were three defendants with a common interest in the instrumentality that caused the damage. It involved the owner of the premises, the lessor and the contractor for the lessor. The court held the three could have been or were in control and burdened with the supervision of a street barricade and it was for them to come forth to explain their actions and conduct when it collapsed resulting in damages to another. Therefore, there existed three defendants with a common interest and exclusive control of the instrumentality that caused the injury. (See also, Corcoran v Banner Super Mkt., supra.)
In the case at bar, the circumstance and injury do not identify the instrumentality or the wrongdoer. By the testimony of plaintiff’s witnesses, it has not been shown that the defendant, Association for Help of Retarded Children, was negligent. The Association had the care, custody, control and safekeeping of property and children. This involves reasonable inspection and repair and personal supervision of and safety of the children entrusted in their care. There is no proof of neglect in the performance of those duties; and there is no proof that any person or persons acting on behalf of the Association acted improperly or negligently.
The same argument is proffered as to the defendant, Specialty Bus Corp. It has not been shown that Specialty was negligent. It had the care and the responsibility of operating and maintaining the special bus for invalid persons; and to provide for the safety of those invalid persons entrusted to it. There is no proof of neglect in the performance of those duties, and there is no proof that any person or persons acting on behalf of Specialty acted improperly or negligently. (See, Whitcher v Board of Educ., 233 App Div 184.)
While the court is sympathetic to the plaintiff’s plight, that does not exempt him from the law.
Based upon all of the foregoing, the plaintiff by his natural guardian and mother has failed to establish the elements of the doctrine of res ipsa loquitur to permit this action to be given to the jury. There being no other issue or issues for the *544 consideration and determination for the jury, the motion for a directed verdict in favor of the defendant, Association for the Help of Retarded Children, and the defendant, Specialty Bus Corp., are granted and the complaint is dismissed. All motions wherein the court reserved decision during trial are denied.