13-1081-cv
Rodriguez v. Athenium House Corp.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of February, two thousand fourteen.

PRESENT: RALPH K. WINTER,
GUIDO CALABRESI,
REENA RAGGI,
*Circuit Judges*.
------------------------------------------------------------------------
DOMINGO RODRIGUEZ, JENNIFER RODRIGUEZ,
*Plaintiffs-Appellants*,

v.                                                          No. 13-1081-cv

ATHENIUM HOUSE CORP., ANDREWS BUILDING CORPORATION,
*Defendants-Appellees*.
------------------------------------------------------------------------

APPEARING FOR APPELLANTS:          DAVID JAROSLAWICZ, Jaroslawicz & Jaros, LLC, New York, New York.

APPEARING FOR APPELLEES:           LAUREN B. BRISTOL (Scott L. Haworth, Barry L. Gerstman, Haworth, Coleman & Gerstman, LLC, New York, New York, *on the brief*), Kerley, Walsh, Matera & Cinquemani, P.C., Seaford, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 5, 2013, is VACATED AND REMANDED.

Plaintiffs Domingo Rodriguez, a former U.S. Postal worker, and his wife Jennifer Rodriguez appeal from an award of summary judgment in favor of defendants Athenium House Corporation and Andrews Building Corporation on Domingo Rodriguez's negligence claims for damages allegedly sustained when a bulletin board hanging in the lobby of defendants' apartment building fell and struck him on the head and back.[1]  We review an award of summary judgment <u>de novo</u>, resolving all ambiguities and drawing all inferences in favor of the nonmovant, and we will affirm only if the record reveals no genuine dispute of material fact.  <u>See</u> Fed. R. Civ. P. 56(a); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247–48 (1986); <u>Nagle v. Marron</u>, 663 F.3d 100, 104–05 (2d Cir. 2011).  Rodriguez contends that the district court erred in failing to recognize issues of material fact pertaining to defendants' (1) direct or vicarious liability for his injuries under the doctrine of <u>res ipsa loquitur</u>, and (2) failure to provide Rodriguez with a safe place to work in violation of N.Y. Labor Law § 200.  We assume the parties' familiarity

---

[1] Because Jennifer Rodriguez's claim for loss of consortium is entirely derivative of her husband's negligence claim, our resolution of this appeal as to Domingo Rodriguez applies equally to Jennifer Rodriguez.  Accordingly, all further references to "Rodriguez" in this order allude to Domingo Rodriguez.

2

with the underlying facts and the record of prior proceedings, which we reference only as necessary to explain our decision to vacate and remand.

1.    *Res Ipsa Loquitur*

Rodriguez argues that, because the district court concluded that a reasonable jury could find that negligent installation of the bulletin board caused his injuries, and because there is an issue of fact as to whether defendants directly removed and reinstalled the bulletin board or authorized third parties to do so, he was entitled to present his case to the jury under the theory of res ipsa loquitur.  We agree.

Res ipsa loquitur is an evidentiary doctrine "that allows 'an inference of negligence [to] be drawn solely from the happening of the accident upon the theory that certain occurrences contain within themselves a sufficient basis for an inference of negligence.'"  County of Erie v. Colgan Air, Inc., 711 F.3d 147, 149 n.1 (2d Cir. 2013) (quoting Dermatossian v. N.Y.C. Transit Auth., 67 N.Y.2d 219, 226, 501 N.Y.S.2d 784 (1986) (internal quotations omitted)).  To hold a defendant liable under the doctrine, however, there must be some evidence that the instrumentality of injury—here, the bulletin board—was within the defendants' "exclusive control," so as to "eliminate within reason the possibility that the event was caused by someone other than the defendant."  St. Paul Fire & Marine Ins. Co. v. City of New York, 907 F.2d 299, 302 (2d Cir. 1990).  "[E]xclusive control is not a rigid concept; rather, it is 'subordinated to its general purpose, that of indicating that it probably was the defendant's negligence which caused the accident.'"  Stone v. Courtyard Mgmt. Corp., 353 F.3d 155, 159 (2d Cir.

2003) (quoting Corcoran v. Banner Super Mkt., Inc., 19 N.Y.2d 425, 432, 280 N.Y.S.2d 385 (1967) (emphasis in original)).  Rodriguez argues that a reasonable jury could find that defendants had exclusive control over the means for removing the bulletin board from the wall and, therefore, to the extent his injuries were caused by the negligent re-installation of the bulletin board during the summer of 2010, defendants were directly liable.  On an independent review of the record, we conclude that Rodriguez raised a genuine issue of material fact from which a reasonable jury could conclude that defendants had the sort of exclusive control over the bulletin board to support liability under the doctrine of res ipsa loquitur.

Although defendants identify a number of third parties with access to the lobby containing the bulletin board, in light of the district court's holding that a reasonable juror could conclude that Rodriguez's injury resulted from negligent installation, only those third parties capable of accessing the bulletin board for this purpose are relevant to the res ipsa loquitur inquiry.  See Pavon v. Rudin, 254 A.D.2d 143, 146, 679 N.Y.S.2d 27, 30 (1st Dep't 1998) (observing that courts "apply[] res ipsa loquitur to accidents involving items exposed to significant public traffic, where the specific mechanism that malfunctioned was not handled by the general public") (collecting cases).  Here, the only third parties with access to the bulletin board for this purpose and the potential means for removing the bulletin board during the summer of 2010 were third party independent contractors and subcontractors working on two projects in the building.  Rodriguez does not dispute that these workmen had access to the bulletin board.  Indeed, his own expert

4

conceded the likelihood that the "bulletin board was taken off the wall . . . because of the workmen traffic hauling building material through the lobby . . . ." J.A. 825–26. Rodriguez nevertheless contends that defendants' "exclusive control" of the bulletin board can be inferred from the fact that removal of the bulletin board from the wall required opening the locked Plexiglass cover and taking out the screws, and defendants alone possessed the required key. This theory is supported by record photographs, and defendants' employee Howard Zien's admission that there was a lock to open the case for which he had the only key. Defendants' alternative theory that the bulletin board was forcibly removed from the wall by the third party workmen without defendants' knowledge or authorization presents a question of fact for the jury.

"To avoid summary judgment, [Rodriguez] was obligated simply to establish a reasonable probability that the accident was caused by [defendants'] negligence." Williams v. KFC Nat'l Mgmt. Co., 391 F.3d 411, 420 (2d Cir. 2004). The evidence supporting Rodriguez's theory, when viewed in the light most favorable to him, satisfies this standard in that a reasonable jury could infer that, as between defendants' employees and third party workmen, "the greater probability" of responsibility for the alleged negligence "lies at defendants' door." Stone v. Courtyard Mgmt. Co., 353 F.3d at 158 (internal quotation marks omitted); see id. at 160 ("It is impossible for the plaintiff to say which of these two defendants was at fault in this case (if either), but that is precisely why New York law allows plaintiff to employ the res ipsa loquitur inference against each defendant and let them explain what happened.").

5

Vicarious liability warrants no different conclusion. Specifically, because Avent saw the bulletin board on the floor in the lobby, and defendants' employee responsible for overseeing the elevator construction work Kathleen Seltzer testified to being in the building the "whole time" that the work was being done, J.A. 435, a reasonable jury could conclude that defendants' were aware that the bulletin board had been removed and, therefore, had a duty to ensure its non-negligent replacement. Under such circumstances, defendants and the third party workmen were arguably "burdened with supervision of the [bulletin board's installation] and a res ipsa loquitur inference could have been drawn against either or both." Stone v. Courtyard Mgmt. Co., 353 F.3d at 160 (internal quotation marks omitted).

2.    Labor Law

Rodriguez contends that there is a question of fact as to whether defendants violated N.Y. Labor Law § 200 by failing to provide him with a safe place to work. We agree with defendants that Rodriguez forfeited this claim by failing to raise it in his complaint or in opposition to the summary judgment motion before the district court, and therefore "[i]n the absence of manifest injustice," we decline to hear such an assertion. Robinson v. Gov't of Malaysia, 269 F.3d 133, 146 (2d Cir. 2011) (internal quotation marks omitted).

6

We have considered the parties' remaining arguments on appeal and conclude that they are without merit. Accordingly, the judgment of the district court is VACATED AND REMANDED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court