(98 App. Div. 219)

### BURKE v. BORDEN'S CONDENSED MILK CO.

(Supreme Court, Appellate Division, Second Department. November 18, 1904.)

1. INJURIES TO CHILDREN—NEGLIGENCE OF PARENTS.

    Where plaintiff, an infant, two years and nine months old, was permitted to play in the streets unattended, and was there injured by being struck by one of defendant's delivery wagons, whether plaintiff's mother was guilty of contributory negligence in permitting it so to play in the streets was for the jury.

2. NEGLIGENCE OF SERVANT—INJURIES TO THIRD PERSON—DECLARATIONS.

    In an action for injuries to a third person by the alleged negligence of one of defendant's servants, declarations by such servant after the occurrence, in defendant's absence, were inadmissible as substantive evidence, in the absence of any showing that he was authorized to speak on defendant's behalf.

3. SAME—CREDIBILITY OF WITNESS.

    Where, in an action for injuries to an infant by the alleged negligence of defendant's driver, the latter testified to circumstances attending the injury diametrically opposed to those testified to by plaintiff's witnesses, and from which no inference of negligence could be drawn, plaintiff, on cross-examination, could ask such driver whether he had not stated to

¶ 1. See Negligence, vol. 37, Cent. Dig. § 352.

plaintiff's mother, immediately after the accident, that she could have him arrested if she wanted to, that it was all his fault, and that he did not see plaintiff until he ran over him, and on the driver's denial of such statements introduce evidence that he had so stated, to affect his credibility as a witness.

Appeal from Trial Term, Kings County.

Action by John Burke, an infant, by John A. Burke, his guardian ad litem, against the Borden's Condensed Milk Company. From a judgment in favor of plaintiff and from an order denying defendant's motion for a new trial on the minutes, it appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

I. R. Oeland, for appellant.
James C. Cropsey, for respondent.

WOODWARD, J. The plaintiff, a boy two years and nine months old, was injured on the 4th day of August, 1899, by being run over by one of the wagons of the defendant on Clinton street, between Nelson and Luquer streets, borough of Brooklyn, city of New York. The jury has returned a verdict for $10,500, on which judgment has been entered, and the defendant appeals from this judgment and from the order denying a motion for a new trial.

It is urged on this appeal that the mother of the child was guilty of contributory negligence in permitting the child, which was only two years and nine months of age, to play in the streets unattended; but the question of the mother's contributory negligence was submitted to the jury upon a charge to which there are no exceptions, and we are persuaded that under the evidence this was a proper disposition of this branch of the case.

We are likewise of the opinion that the evidence warranted the submission of the question of the negligence of the defendant to the jury, and that the evidence sustains the verdict.

A more complex question is presented by the objections and exceptions to the admission of evidence in respect to admissions made by the defendant's driver after the happening of the accident. The plaintiff's theory of the case, supported by the evidence, was that the defendant's wagon was passing along Clinton street, with the lines hung over a hook, one of them drawn tighter than the other, and that the driver was engaged in looking over a book in which he recorded his deliveries of milk; that the plaintiff, who was playing in the dirt, between the flag walk and the pavement, with his back to the approaching horse, sat with his feet hanging over the curb, and that the horse, directed by the tightly drawn rein, approached the curb so closely that the wheels of the wagon passed over the plaintiff's feet, throwing him against the wagon in such a position that he sustained severe bruises about the head, finally resulting in epileptic fits. With the evidence warranting the above view of the case, defendant called the driver of the wagon which produced the injury, and he testified that the lines were not hanging on the hook, which was admitted to be in the wagon, but that he was holding them; that he was not engaged in looking over his book, but was watching the direction of his horse; that he did not see the

child, except that he did see a box around a tree near where the accident occurred, and he thought, as he approached it, that he discovered something behind the tree box; that just as his forward wheel came opposite the box something came out suddenly, as though pitched forward head-first, and struck against his wheel; that just at that moment a lady near at hand called, and that he discovered the child, and got off the wagon and carried the child to its mother. Obviously, if this was the true version of the accident, the defendant was not negligent. The driver says he was about to stop at a house a few doors from the point of the accident, and, if he was driving with due care, and the child fell forward from behind this tree, coming into collision with the wheel, neither he nor the defendant would be liable for the injury to plaintiff. Having testified to these facts, the driver, on cross-examination, testified that he did not see the child until it fell; that he went with the child to Mrs. Burke's place; that "I did not say at that time to Mrs. Burke that she could have me arrested if she wanted to, that it was all my fault, or anything like that." He was then asked: "Didn't you say to her that you did not see the boy until you run over him; that you were writing in your book?" Objection was made to "that line of questioning." The objection was overruled, and the defendant excepted. The witness answered: "I don't remember of it now. That is the best answer I can make. Whatever I did say at the time was true." In rebuttal, Emma Burke, the plaintiff's mother, was asked: "Did the driver say at that time that you could have him arrested if you wanted to; that it was all his fault; and that he did not see the boy until he had run over him, as he was writing in his book?" This was objected to as immaterial and incompetent, the objection being overruled, and the defendant given an exception, when the witness answered, "Yes, he said that," and she was corroborated in this in substance by another witness. It is now urged that under the objection that this testimony was incompetent and immaterial the court erred in permitting the witness to answer. There can be no doubt that the plaintiff could not have proved these declarations of the driver as a part of his case, for the rule is well established that statements made in the absence of a party by one who did not speak by his authority are incompetent (Austin v. Bartlett, 178 N. Y. 310, 313, 70 N. E. 855; Burns v. Borden's Condensed Milk Co., 93 App. Div. 566, 567, 87 N. Y. Supp. 883, and authorities there cited); but in the case now before us the defendant had called this driver, and the driver had testified to a state of facts entirely inconsistent with his previous declarations, and it was competent, not as showing the defendant's negligence, but for the purpose of impeaching or contradicting the witness (Kay v. Metropolitan Street Ry. Co., 163 N. Y. 447, 450, 57 N. E. 751). The attention of the witness had been called to the time, place, and circumstances, and to the language used, and he denied having used the language. It was competent, therefore, as going to the credibility of the witness, to show that he had made statements in reference to this matter inconsistent with his testimony upon the trial. The plaintiff made no effort to introduce the testimony of these alleged declarations on the part of the driver until the latter testified to the defendant's version of the accident, and, this being inconsistent with the declarations, it was com-

petent for the plaintiff to show that the driver had made different statements, and statements which could not be reconciled to his testimony upon the trial.

While the evidence connecting the present epilepsy with the accident is not as conclusive as might be desired, an examination of the evidence fails to convince us that there was not a question for the jury. If the epilepsy did, in fact, result from the accident, the damages are not excessive, and we find no good reason for reversing the judgment.

The judgment and order appealed from should be affirmed, with costs. All concur.