IRVING HERSCHCOWITZ, an Infant, by HARRY HERSCHCOWITZ, His Guardian ad Litem, and Another, Appellants, v. JACOB KLEINMAN, Respondent, Impleaded with LOUIS LANGER, Defendant.

First Department, November 1, 1929.

*Bertram Boardman* of counsel [*Miller, Bretzfelder & Boardman,* attorneys], for the appellants.

*Isidore Faitt,* for the respondent.

FINCH, J.   In this personal injury action it becomes necessary to vacate the judgment recovered by the defendant Kleinman upon the verdict of a jury, and grant a new trial because vital evidence was improperly excluded and also because of failure properly to instruct the jury.

These were actions originally brought, one by an infant and the other by his father, for damages arising out of a single accident. Thereafter the actions were consolidated and tried as one.   The complaint alleged that the defendant Kleinman was the owner of a horse and wagon which was used for peddling fruits and vegetables; that the defendant Langer was in charge of the horse and wagon and acting as the agent, servant or employee of Kleinman; that by reason of the negligence of Langer the horse and wagon were left unattended and, going upon the sidewalk, ran over the infant plaintiff, inflicting the injuries complained of.   The negligence of Langer consisted in leaving the horse untied, in violation of the city ordinance.   The defendant Kleinman admitted the ownership of the horse and wagon and that it was used for the peddling of fruits and vegetables, but denied all the other allegations of the complaint.   The defendant Langer defaulted in pleading and a judgment was directed against him by the trial court.

At the trial two issues were litigated, *first*, whether Langer was the agent, servant or employee of the defendant Kleinman or connected with him in business and, *second*, if he was the employee of Kleinman, or engaged in Kleinman's business, whether there was any negligence on his part.   The jury found a verdict in favor of the defendant Kleinman and the plaintiffs complain upon this appeal that this result was brought about by reason of the two errors above stated.

Langer, being called as a witness for the defendant Kleinman, testified that he had hired the horse and wagon for ten weeks prior to the accident; that he was not working for Kleinman and received no wages or any supplies from him.   Upon cross-examination his attention was directed to certain statements and declarations which it was alleged he had made to an attorney associated with the firm of attorneys for the plaintiffs.   Langer was asked whether he had told this attorney that the merchandise in the wagon at the time of the accident belonged to Kleinman and that he was working for Kleinman and was receiving a weekly wage and a percentage of sales above a certain amount.   Langer denied having made these statements, although admitting a conversation.   In rebuttal, the plaintiffs called the attorney as a witness.   She testified that she had had a talk with Langer at the office of the attorneys for the plaintiffs and she was then asked to tell the court and jury the

conversation. Counsel for the defendant Kleinman objected and the court sustained the objection. Counsel for the plaintiffs then informed the court that the testimony was offered, not to prove agency, but for the purpose of attacking the credibility of the defendant Langer. Nevertheless, this testimony was still excluded. The court should have admitted the testimony and limited its admission for the purpose for which it was offered, namely, to attack the credibility of the defendant Langer. (*Moore* v. *Rosenmond*, 238 N. Y. 356; *Burke* v. *Borden's Condensed Milk Co.*, 98 App. Div. 219; *Lynch* v. *Pratt*, 222 id. 179; *Maher* v. *N. Y. C. & H. R. R. R. Co.*, 20 id. 161; *Larkin* v. *Nassau Electric R. R. Co.*, 205 N. Y. 267.) This evidence was not admissible for the purpose of proving the agency of Langer, since it is well settled that the fact of agency cannot be proven by the declarations of the agent. (*Lillibridge, Inc.*, v. *Johnson Bronze Co.*, 220 App. Div. 573; *Muessling* v. *Leisner*, 221 id. 524.) As heretofore noted, however, it was expressly not offered for this latter purpose.

This excluded testimony bore directly upon the vital issue which was before the jury and, in consequence, cannot be disregarded as harmless.

The further error complained of, and for which also a new trial must be granted, arose as follows: Since the ownership of the horse and vehicle by Kleinman was conceded, a presumption of control by Kleinman arose. The learned court in his charge to the jury omitted to charge upon this point. At the close of the charge the attorney for the plaintiffs requested the court to charge this presumption of control and that such presumption was not destroyed as matter of law by the testimony of the defendant, since the latter was interested. The court, however, declined so to charge and the plaintiffs excepted. Again the attorney for the plaintiffs asked the court to charge the jury that it was for them to say whether the presumption of control arising out of the ownership of the horse and wagon had been met by the testimony adduced on behalf of the defendants. This request the court likewise declined, to which the plaintiffs duly excepted. Other similar requests designed to emphasize the contention were made and refused and exceptions duly noted. This ruling constituted error (*Seaman* v. *Koehler*, 122 N. Y. 646; *Ferris* v. *Sterling*, 214 id. 249, 253) which cannot be disregarded. In *Ferris* v. *Sterling* (214 N. Y. 249) Judge CARDOZO, speaking for the court, said: " The license number of the car, coupled with evidence that the defendant held the license, was *prima facie* proof that the defendant was the owner. It was more than that; it was *prima facie* proof that the custodian of the car was then engaged in the owner's service.

\* \* \* This presumption was not destroyed, as a matter of law, by the testimony for the defendant. Even though his explanation of the use of the car would absolve him if credited, the question whether it should be credited was one of fact for the jury. \* \* \*."

It follows that the judgment appealed from should be reversed and a new trial granted, with costs to the appellants to abide the event.

DOWLING, P. J., MCAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed and a new trial ordered, with costs to the appellants to abide the event.