JOSEPHINE PARKAS, Respondent, *v.* PETER PARKAS, Appellant.

First Department, February 26, 1943.

*David P. Siegel* for appellant.

*Frederick E. Klein* for respondent.

Townley, J. This is an action for separation in which the defendant husband has counterclaimed for divorce. The court at Special Term framed certain issues to be tried before a jury. These questions (some seven in number) involved chiefly specific acts of adultery claimed to have been actually seen by some of the witnesses called. There were two questions, Nos. 4 and 6, which involved charges of adultery based on the fact that plaintiff and the co-respondent had occupied an apartment at 840 Grand Concourse during the periods covered by the questions.

The trial court directed a negative answer to both of these questions. The jury by its verdict has exonerated plaintiff on the charges contained in the other questions which were supported in the main by the testimony of the co-respondent's brother and two other witnesses whose credibility may not be free from doubt.

The court's direction of a negative answer to the questions, Nos. 4 and 6, involving the residence of the plaintiff and the co-respondent in the premises 840 Grand Concourse, cannot be

sustained. There is ample testimony of disinterested witnesses showing that they resided there as brother and sister under assumed names for a period of upward of three years in an apartment having a single bedroom and there was further testimony showing general prolonged intimacy and circumstances indicating inclination. These questions should have been submitted to the jury.

Further error was committed by the trial court in a particular which vitally affects the result. Although a number of witnesses testified to having personally witnessed acts of adultery on the part of the plaintiff and the alleged co-respondent and in spite of further testimony showing occupancy of the apartment at 840 Grand Concourse, with the co-respondent, the plaintiff did not take the stand and offered no testimony to contradict the testimony offered by the defendant and the inference to be drawn therefrom. Under these circumstances the court's instructions as to the inference which might be drawn from the plaintiff's failure to testify becomes of primary importance. The court instructed the jury on that subject as follows: " * * * it is only in the event that you find here that the defendant [the husband] has, upon the evidence submitted by him, sustained his burden of proof of adultery and adulterous intercourse that you may draw an unfavorable inference from the plaintiff's failure to testify. If you find upon the testimony submitted by the defendant that he has not sustained his burden of proof on that issue, then there was no duty upon the plaintiff to speak, and no unfavorable inference may be drawn from her failure to do so."

We recently had occasion to state the rule on this point in *Milio* v. *Railway Motor Trucking Co.* (257 App. Div. 640). In that case we held that the failure of a party to testify or to produce evidence within its control, while it permitted no inference as to what that testimony would have been, had it been given, justified the jury in taking the testimony that was in the record most strongly against the party who was in a position to, and had failed to, contradict it. The instruction given by the court here deprived the defendant of the benefit of this inference by requiring the jury first to determine that the defendant had established a cause of action independent of the inference before the defendant was entitled to its benefit.

In view of the direct testimony on some of the specific questions, the defendant under this rule was entitled to have his case considered by the jury upon the basis of the evidence before it, confirmed by the inference above referred to. To complicate the situation by requirement that the jury should first determine

whether the defendant had carried the burden of proof amounts to requiring the jury to decide the case without reference to the inference allowed by the rule. In short, if the jury found in favor of the plaintiff preliminarily, the inference is unnecessary. Such a theory destroys the inference, which is a highly legitimate and probative element in the evidence.

This is the second occasion upon which we have been required to review the result of a trial of this case. The verdict on the first trial was set aside by the trial justice as against the weight of the credible evidence. This conclusion was affirmed by this court (263 App. Div. 804).

The judgment and order should be reversed, without costs, and a new trial ordered.

MARTIN, P. J., GLENNON and UNTERMYER, JJ., concur; DORE, J., dissents and votes to affirm.

Judgment and order reversed, without costs, and a new trial ordered. Settle order on notice.