■ STEVEN J. POLK, Appellant, v. ROGER SHERMAN TRANSFER CO., INC., Respondent.— Appeal from a judgment of the Supreme Court entered upon a verdict rendered at Trial Term, Albany County and from an order denying plaintiff's motion to set aside the verdict and for a new trial. As appellant was passing or about to pass defendant's tractor-trailer, a wooden block used to secure the load on the trailer broke loose and was propelled through the windshield of the automobile operated by appellant, whereby he sustained personal injuries for which a jury has awarded damages of $10,000. The appeal is on the ground of inadequacy. The trial court properly denied plaintiff's motion for a directed verdict and correctly submitted the case to the jury under the doctrine of res ipsa loquitur. We find no error in the charge or in the denial of plaintiff's requests to charge. Neither do we find in the rulings on evidence error affecting any substantial right. Appellant sustained a tearing injury to a knee cartilage which was surgically removed some time later, leaving appellant with some instability of that knee. One physician testified to a 35% loss of use and said that while appellant had a reasonably useful knee for ordinary walking around, it would be dangerous for him to climb ladders and roofs as he had previously done as an incident to his employment by a television sales company. Appellant also claimed to have suffered a perceptive type hearing loss in the high-tone range, which extends from 4,000 to 12,000 double vibrations per second. That range is above that of conversational tones, but appellant asserts that the condition is a handicap in his television appliance work. The only medical evidence as to a hearing loss was elicited from a specialist who had made but one examination, some 20 months after the accident, concededly for the purpose of enabling him to testify. Appellant first observed the hearing loss about 14 months after the accident, according to the history obtained by this physician. On cross-examination, it developed that the doctor had stated, in a report to appellant's attorney, that the condition could result from an injury to the head by a blunt force or from sustained auditory trauma due to high-noise level. From cross-examination of appellant it appeared that he had consulted another ear specialist, who was not called as a witness, on 3 or 4 occasions, the last being about a week before the trial, and that the specialist told him that the hearing loss could have been

caused by the accident or by a natural deterioration of his health. It seems clear that the medical evidence of a hearing loss attributable to the accident might properly have been rejected by the jury. The appellant also proved that he was in mild shock following the accident, sustained a cerebral concussion and suffered from headaches. It appeared, however, that he was discharged from the hospital the day following the accident and travelled about 40 miles to make a social visit overnight. Appellant's medical expenses approximated $1,150. Special damages for loss and diminution of earnings were claimed in the amount of $8,900, loss wages being computed at $100 per week for 68 weeks, and the diminution claimed being of $70 per week for 30 weeks. The base of $100 per week, from which both items were computed, was arrived at from proof that appellant was paid $200 for his work for the two weeks' period immediately preceding the accident. It was shown, however, that, exclusive of this sum, he was paid but $664 in the six months' period in 1954 preceding the accident and but $755 in 1953. He filed no income tax return for either year. Although appellant claimed loss of earnings from July 14, 1954 to November 14, 1955, and testified that during this period he worked only 4 or 5 days, on June 1, 1955 he gave a statement to a bank wherein he represented that he was self-employed at a "salary" of $100 per week and had been self-employed for the past 15 years. It is apparent that there was ample reason for the jury to discount appellant's proof of lost and diminished earnings. Similarly, the jury might well reject the claim of a protracted disability from work, or at least from that such as the bench work which appellant performed both before and after the accident. As has been indicated, there was no great dispute as to appellant's knee injury and we find that upon the credible evidence of injuries and damage, and considering his age of 35 years and his occupation, the verdict was inadequate. Judgment and order reversed, on the law and the facts, and a new trial ordered, with costs to appellant to abide the event, unless, within 20 days after service of a copy of the order to be entered hereon, the defendant stipulates to increase the verdict to the sum of $15,000, in which event the judgment, as so increased, is affirmed, with costs to appellant. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur.