NICHOLAS DEMOGENES, Respondent, *v.* VILLAGE CARTING Co., INC., Appellant, et al., Defendant.

First Department, April 9, 1974.

*Hanlon & Dawe (Logue & O'Connor,* by *Charles F. Brady,* of counsel), for appellant.

*Harold S. Herman* of counsel (*Tellerman, Silverstein & Paticoff,* attorneys), for respondent.

LANE, J.  Plaintiff while driving on First Avenue near 61st Street in Manhattan came into contact with a large steel receptacle used for the collection of trash.  The trash receptacle was approximately 15 feet long, 8 feet wide and 6 feet high.  At trial, the plaintiff testified that the legend on the side of the receptacle read "Village Carting Co."  In addition thereto, the police officer called to the scene testified that he saw the word "Village" on the side of the receptacle.

The defendant, Village Carting Co. (Village), offered no testimony at trial which established its lack of operation and control over the receptacle.  However, Village, in its answer, set forth as an affirmative defense a denial of operation and control but did not deny ownership.

A verdict in favor of the plaintiff was affirmed by the Appellate Term.

We, too, would affirm.

The sole issue raised on appeal is whether or not the receptacle was sufficiently identified to impose liability upon the defendant.

Where the instrumentality which was the proximate cause of the accident was identified as belonging to the defendant, it was appropriate to infer that it was under the operation and control of the defendant (*Norris* v. *Kohler,* 41 N. Y. 42; *Seaman* v. *Koehler,* 122 N. Y. 646; *Herschcowitz* v. *Kleinman,* 227 App. Div. 62, 64; also, see, 1 Wigmore, Evidence [3d ed.], § 150a) and placed at the scene of the occurrence for the defendant's benefit (cf. *Gulliver* v. *Blauvelt,* 14 App. Div. 523, 525).

A single illustration drawn from the *Seaman* case, cited *supra,* will suffice as a clear enunciation of this principle.  In *Seaman,* the plaintiff, a conductor of an open streetcar, was standing on the narrow platform running along the length of the car.  The streetcar was in collision with a truck alleged to be owned by the defendant, Herman Koehler & Co.  At the time of trial, ownership, operation and control of this vehicle were proven by showing that the side of the vehicle had stamped upon it "Koehler & Co., 29th Street and First Avenue," and that it was loaded with barrels of ale for delivery.  This proof was not rebutted by the defendant.  The court, after synopsizing the above facts, stated (pp. 647–648) : "These facts were denied by no one and they were sufficient, as we think, to authorize the jury to infer that the truck belonged to defendant's firm and that the driver thereof was in its employment when he negligently ran against the plaintiff.  A *prima facie* case was thus made out for the consideration of the jury, and if the defend-

ant's firm did not in fact own the truck or employ the driver it was incumbent upon him to produce some evidence upon the subject."

Similarly, the evidence as adduced by the plaintiff at the trial in the case at bar, albeit minimal, was sufficient, therefore, to establish a prima facie case. At that stage of the trial, the defendant was duty-bound to rebut the inference of operation and control by more than a mere denial (*Trashansky* v. *Hershkovitz,* 239 N. Y. 452, 456; cf. *Parkas* v. *Parkas,* 265 App. Div. 521, 523). Absent such rebuttal, plaintiff was entitled to a verdict in his favor.

Accordingly, the order of the Appellate Term should be affirmed, with costs.

CAPOZZOLI, J. (concurring in affirmance). The conclusion reached by the majority is strengthened by the following language found in *Norris* v. *Kohler* (41 N. Y. 42, 44–45): "The property being proved to belong to the defendant, it is urged that a presumption arises that it was in use for his benefit, and on his own account. This argument, I think, is a sound one. The ownership of personal property draws to it the possession. The owner is entitled to have and to keep possession, and no other person can justly obtain possession until some act of authority from the owner is proved. Ownership implies possession, and possession is in subordination to title."

STEUER, J., concurs with LANE, J.; CAPOZZOLI, J., concurs in an opinion; MARKEWICH, J. P., and MURPHY, J., dissent and would reverse on dissenting memorandum of QUINN, J., at Appellate Term.

Order, Appellate Term, Supreme Court, First Department, entered on February 13, 1973, affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal.