Wallace v Tec-Crete Ready Mix LLC (2025 NY Slip Op 50371(U))

[*1]

Wallace v Tec-Crete Ready Mix LLC

2025 NY Slip Op 50371(U)

Decided on March 24, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through March 27, 2025; it will not be published in the printed Official Reports.

Decided on March 24, 2025
Supreme Court, Kings County

Genevieve Wallace, Plaintiff,

against
Tec-Crete Ready Mix LLC, and "JOHN DOE," name being fictitious, Defendants.

Index No. 512968/2024

Law Offices of Neil Kalra, P.C., Forest Hills (Neil Kalra of counsel), for Plaintiff.
Carman, Callahan & Ingham, LLP, Farmingdale (Peter Cusumano of counsel), for Defendants.

Aaron D. Maslow, J.

The following numbered papers were used on this motion:
Submitted by Plaintiff in Support of Motion
NYSCEF Doc No. 7: Notice of motion
NYSCEF Doc No. 8: Neil Kalra, Esq. affirmation in support
NYSCEF Doc No. 9: Exhibit A, summons and verified complaint
NYSCEF Doc No. 10: Exhibit B, verified Answer
NYSCEF Doc No. 11: Exhibit C, Genevieve Wallace affidavit in support
NYSCEF Doc No. 12: Exhibit D, Photos of Defendants' Mack truck
NYSCEF Doc No. 13: Exhibit E, Photos of Plaintiff's Nissan
NYSCEF Doc No. 14: Statement of material facts
NYSCEF Doc No. 15: Word count certification
NYSCEF Doc No. 16: Affidavit of service
NYSCEF Doc No. 25: Neil Kalra, Esq. affirmation in reply
Submitted by Defendants in Opposition to Motion
NYSCEF Doc No. 19: Michael Burkart, Esq. affirmation in opposition
NYSCEF Doc No. 20: Counter statement of material facts
NYSCEF Doc No. 21: Exhibit A, affirmation of Nelson Amaya
NYSCEF Doc No. 22: Exhibit B, photo of Defendants' vehicle
NYSCEF Doc No. 23: Affidavit of service
Upon the foregoing papers, having heard oral argument [FN1]
, and due deliberation having been had, the within matter is determined as follows.
Issue
In this motor vehicle accident case, is Plaintiff Genevieve Wallace, relying in part on the doctrine of res ipsa loquitur, entitled to summary judgment pursuant to CPLR 3212 on the issue of liability and dismissal of comparative negligence affirmative defenses where Defendants' truck tire tread came off on the road and allegedly hit Plaintiff's moving vehicle?

Introduction
This is an action to recover damages for personal injuries allegedly sustained by Plaintiff when a tire tread came off of Defendants' moving Mack truck and struck Plaintiff's car. Defendant Tec-Crete Ready Mix, LLC owned the Mack truck, while Defendant John Doe (now known to be Nelson Amaya) drove it.[FN2]

Plaintiff moves for summary judgment pursuant to CPLR 3212 on the issue of liability and for dismissal of Defendants' affirmative defenses alleging comparative negligence. Plaintiff alleges that the tire detached from Defendants' truck due to their negligence in maintaining the tire and, under the res ipsa loquitur doctrine and negligence per se, Defendants were the sole proximate cause of Plaintiff's injuries. Defendants oppose this summary judgment motion, claiming that the tire tread did not hit Plaintiff's vehicle as described by Plaintiff and, therefore, there remain disputed material facts.

Background
On December 20, 2023, Plaintiff allegedly sustained personal injuries in a motor vehicle accident on N. Conduit Avenue.[FN3]
 Defendant Amaya was driving down N. Conduit Avenue in the left lane in a Mack truck when Plaintiff alleges the right front tire detached from Defendants' [*2]truck and struck Plaintiff on the driver's side of her vehicle.
The parties are in dispute whether Defendants' tire hit Plaintiff's car. Additionally, Defendants admit that their tire tread came off but maintain that it was not the entire wheel. Defendants also assert that the tire tread dislodged only after hitting a pothole on the road. Defendant Amaya, the operator of the truck, attested that the tire tread did not make contact with any vehicles on the roadway, and he did not see any damaged vehicles on N. Conduit Avenue in the two-hour period he waited for a tire replacement at the scene of the accident.
After feeling the alleged impact on her car, Plaintiff allegedly observed the tire roll into the grass median on the right side. She also observed Defendants' Mack truck stopped in the left lane, missing a right front tire. Plaintiff took photographs of the truck at the scene, but did not obtain the name of the truck driver. Plaintiff claims that she sustained severe and serious injuries from this occurrence and needed medical care to address them.

Plaintiff-Movant's Position
Plaintiff-movant argues entitlement to summary judgment on the basis that the accident alleged would not have occurred but for Defendants' negligence regarding the tire that allegedly struck Plaintiff's vehicle (see NYSCEF Doc No. 8, Kalra aff ¶¶ 3-12). Plaintiff argues that the res ipsa loquitur doctrine may be applied to this case, asserting that there is sufficient circumstantial evidence to establish Defendants' liability. Additionally, Plaintiff argues entitlement to summary judgment on grounds of negligence per se, citing an alleged violation by Defendants of Vehicle & Traffic Law (VTL) § 375 (35), which requires that a motor vehicle be equipped with tires in safe operating condition (see NYSCEF Doc No. 8, Kalra aff ¶¶ 13-14). Plaintiff also seeks to strike Defendants' affirmative defenses of comparative negligence, including the one asserting Plaintiff's non-seatbelt usage during the accident.

 Defendants-Opposition's Position
Defendants argue in opposition that Plaintiff's motion for summary judgment should be denied, as issues of fact render it premature (see NYSCEF Doc No. 19, Burkart aff ¶ 3). Defendants contend that there exists disagreement on material facts at its most basic level, regarding whether there was any contact between Defendants' tire and Plaintiff's vehicle (see id. ¶ 2). Defendants then argue that even if there was contact, outstanding issues of material fact preclude an indication of negligence on their part (see id. ¶¶ 14-15). Defendants invoke an emergency doctrine defense, arguing that Defendant Amaya may not be negligent, given he acted as a reasonable and prudent person would in an emergency context (see id. ¶¶ 19-20). Finally, Defendants argue that Plaintiff's request to strike Defendants' affirmative defense regarding Plaintiff's failure to wear a seatbelt is premature, as Defendants should have the opportunity to conduct proper discovery relating to whether Plaintiff wore a seatbelt at the time of the accident (see id. ¶ 21).

Analysis
Summary judgment is a drastic remedy that should be granted only if no triable issues of fact exist and the movant is entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Andre v Pomeroy, 35 NY2d 361, 364 [1974]). The party moving for summary judgment must present a prima facie case of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form demonstrating the absence of material issues of fact, and the failure to make such a showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see CPLR 3212 [b]; Smalls v AJI Industries, Inc., 10 NY3d 733 [2008]; Alvarez, 68 NY2d at 324). Once a prima facie showing has been made, however, the burden shifts to the nonmoving party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact that require a trial for resolution or tender an acceptable excuse for a failure to do so; mere expressions of hope are insufficient to raise a genuine issue of fact (see Zuckerman v City of New York, 49 NY2d 557 [1980]). If there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (see Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
In Corcoran v Banner Super Mkt. (19 NY2d 425 [1967]), the Court of Appeals, relying on Prosser (Prosser, Torts § 39, at 218 [3d ed.]), established three criteria governing the application of the res ipsa loquitur doctrine in New York cases. Those criteria are that: "(1) the event must be of a kind which ordinarily does not occur in the absence of someone's negligence; (2) it must be caused by an agency or instrumentality within the exclusive control of the defendant; and (3) it must not have been due to any voluntary action or contribution on the part of the plaintiff" (Corcoran, 19 NY2d at 430).
More recently, the Court of Appeals has upheld the Corcoran factors, such as in its decision in Morejon v Rais Constr. Co. (7 NY3d 203 [2006]). Importantly, in that case, the Court concluded that "while there is no rule or policy absolutely foreclosing that possibility [that res ipsa loquitur may justify summary judgment for the plaintiff], it should be a rare event" (id. at 206).
The Restatement (Second) of Torts is also instructive, specifically to the case at bar in that it states:
There are many types of accidents which commonly occur without the fault of anyone. The fact that a tire blows out, or that a man falls down stairs is not, in the absence of anything more, enough to permit the conclusion that there was negligence in inspecting the tire, or in the construction of the stairs, because it is common human experience that such events all too frequently occur without such negligence. (Restatement [Second] of Torts: Negligence § 328D, Reporters' Note, Comment c [emphasis added].)
Plaintiff in this case advances an argument reliant on the doctrine of res ipsa loquitur (see NYSCEF Doc No. 8, Kalra aff ¶¶ 9-12). Plaintiff argues that while driving by the right side of Defendants' Mack truck, she heard a loud noise come from the truck and then she felt an impact to her driver's side door (see NYSCEF Doc No. 11, Wallace aff ¶ 2). Plaintiff observed the tire roll onto the grass median on the right side (see id.). She also observed Defendants' Mack truck [*3]stopped in the left lane, missing its right front tire (see id. ¶ 3). Plaintiff contends that given what she did see, the tire must have hit her car after becoming separated from the truck due to Defendants' negligence (see NYSCEF Doc No. 8, Kalra aff ¶¶ 9-12).
In her argument in support of the applicability of res ipsa loquitur to this summary judgment motion, Plaintiff relies heavily on Pollock v Rapid Indus. Plastics Co. Inc. (113 AD2d 520 [2d Dept 1985]). In Pollock, a plaintiff motorist, who had just gotten into a small collision with a van was disengaging his bumpers when a fast-moving tire knocked him unconscious (see id. at 521). Neither the plaintiff nor his wife, who was at the scene, witnessed where the tire came from (see id.). In fact, identifying the source of the tire, implicating the second element of res ipsa loquitur, was the crux of the issue (see id. at 522). While the trial court held that there was a failure of proof regarding the defendant's ownership or possession of the tire in question, and therefore, that the inferences required were "impermissible," the Appellate Division reversed (see id. at 522-523). The Appellate Division applied the res ipsa loquitur doctrine and found that the element of control over the tire was established as against the defendant truck owner, such that the case should have been submitted to the jury on the theory of res ipsa loquitur (see id. at 527). Plaintiff in this case argues that the similarities to Pollock are "striking" (see NYSCEF Doc No. 8, Kalra aff ¶ 5). This Court disagrees. In fact, Pollock is quite distinguishable. Whereas the Pollock court's decision hinges upon the source of the tire, in the present case, a factual dispute exists regarding whether Defendants' tire tread even made contact with the Plaintiff's car. With that, the inapplicability of Pollock to the case at hand is only amplified as the Pollock court relied upon the res ipsa loquitur doctrine being applicable to a trial, following discovery, whereas Plaintiff herein urges its application on a pre-discovery motion for summary judgment.
Plaintiff's advancing res ipsa loquitur in a motion for summary judgment is premature. In Morejon, it was alleged that building material rolled off from the roof of a house and struck a delivery person, causing his death (see Morejon, 7 NY3d at 206). Like the case at hand, the plaintiffs relied on the doctrine of res ipsa loquitur in moving for summary judgment, but the defendants countered that the accident never happened and hence there were still material facts in dispute (see id. at 207). The Morejon court established that while it is true that the doctrine of res ipsa loquitur is not precluded during the summary judgment stage, it is employed very rarely and only when a plaintiff's circumstantial evidence is so strong that it can be inferred the event only occurred due to the defendants' negligence (see id. at 209). Additionally, the Court held that if there is a question of fact remaining as to a defendant's liability, then the case should go to trial and summary judgment should not be granted (see id. at 212). In this case, not only does Plaintiff's circumstantial evidence fail to rise to the level necessary to prevail on a motion for summary judgment as dictated in Morejon, there are evident material questions of fact still in dispute, such as the parties disagreeing on whether the tire tread hit Plaintiff's car. Therefore, the use of the res ipsa loquitur doctrine fails in this summary judgment motion.
Even if the res ipsa loquitur doctrine was applied during this stage of the case with the circumstantial evidence provided, the first element of the doctrine — the event must be of a kind which ordinarily does not occur in the absence of someone's negligence — would not be satisfied. As stated above, there are many kinds of accidents which commonly occur without anyone's negligence (see Restatement [Second] of Torts: Negligence § 328D, Reporters' Note, Comment [*4]c). In Dilligard v City of New York (170 AD3d 955 [2d Dept 2019]), an air-conditioning unit's face plate fell on a teacher's head, and she moved for summary judgment on the issue of liability based on the doctrine of res ipsa loquitur. The plaintiff argued that a face plate falling off an air conditioner is an event that ordinarily does not occur in the absence of negligence (see id. at 956-957). However, the Court held that the defendants raised a triable issue of fact as to whether the face plate could have fallen for another reason other than negligence, such as the slamming of a door, and therefore the plaintiff's motion for summary judgment should have been denied (see id. at 956).
Similarly, there may be another explanation for the accident in the case at hand other than Defendants' negligence. It is well known that tire treads on moving vehicles may detach on roadways due to roadway conditions and the tire tread on Defendants' truck may have come off due to a pothole as Defendants allege (see NYSCEF Doc No. 19, Burkart aff ¶ 9). In comparison, in Pollock the entire wheel, including the rim, came off a stationary vehicle, an event concerning which there is likely no explanation other than negligence (see Pollock, 113 AD2d at 524). Therefore, because the accident in the instant case was one that commonly occurs without anyone's negligence and Plaintiff's circumstantial evidence was not so convincing that "the inference of defendant's negligence is inescapable," the first element of the res ipsa loquitur doctrine is not satisfied (see Morejon, 7 NY3d at 209). However, as mentioned above, Plaintiff's premature use of res ipsa loquitur fails in this summary judgment motion due to there being a genuine issue of fact, thereby rendering this analysis superfluous at this stage. Thus, because an issue of fact remains, summary judgment is inappropriate.
Regarding Plaintiff's claim of Defendants' negligence per se, citing an alleged violation of VTL § 375 (35), which requires that a motor vehicle be equipped with tires in safe operating condition (see NYSCEF Doc No. 8, Kalra aff ¶¶ 13-14), discussion of the alleged violation is premature. Given the disputed material facts, and that there has been no prima facie case that the tire involved did not meet the standards of the commissioner of motor vehicles (see VTL § 375 [35] [c]), it is inappropriate at this stage to make any determination of this nature.
As such, Plaintiff's argument per Rodriguez v City of New York (31 NY3d 312 [2018]) — that Plaintiff does not bear the burden of establishing the absence of her own comparative negligence when negligence per se is established (see NYSCEF Doc No. 8, Kalra aff ¶ 14) and, therefore, was not comparatively negligent — is premature as well. It is further noted that Plaintiff did not attest to seeing the truck wheel come off (she "heard a loud sound") (see NYSCEF Doc No. 11, Wallace aff ¶ 2) and Defendant Amaya did not see Plaintiff's vehicle (see NYSCEF Doc No. 21, Amaya aff ¶¶ 5-8); therefore, summary judgment regarding affirmative defenses prior to discovery is premature (see Cruz v Fanoush, 214 AD3d 703 [2d Dept 2023] [defendants entitled to discovery regarding plaintiff's version of relevant events in motor vehicle accident]). Further, Plaintiff did not attest to using a seatbelt (see NYSCEF Doc 11, Wallace aff).
Accordingly, it is hereby ORDERED that Plaintiff's motion for summary judgment is DENIED in all respects.

Footnotes

Footnote 1: Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]).

Footnote 2: The parties are encouraged to submit a stipulation to amend the caption to reflect Nelson Amaya in place of John Doe as a Defendant.

Footnote 3: The thoroughfare was described as "N. Conduit Blvd." by Plaintiff in her affirmation (see NYSCEF Doc No. 11, Wallace aff ¶¶ 1-2), but Defendant Amaya described it as "North Conduit Avenue" (see NYSCEF Doc No. 21, Amaya aff ¶¶ 5-10). All map platforms consulted by the Court indicate that the N. Conduit thoroughfare is assigned a street type of "Avenue."